IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Nathan Rapport, and <br> Radian Industries Inc., <br>     *Plaintiffs*, <br> v. <br> Michael Chapiro, <br>     *Defendant*. | CASE NO. <br><br> JUDGE |

# EX PARTE MOTION FOR LEAVE TO FILE UNDER SEAL CERTAIN EXHIBITS TO PLAINTIFFS' COMPLAINT

Pursuant to Local Rule 5.2 and the Court's inherent authority to protect confidential and proprietary information, Plaintiffs Nathan Rapport and Radian Industries Inc. respectfully move the Court for leave to file under seal the following exhibits submitted in support of their Complaint:

- **Exhibit B2**: Artifact Patent Pending

- **Exhibit B3**: Technical Papers

- **Exhibit B4**: Technical Materials

- **Exhibit C6**: Signal Export

- **Exhibit E4**: RFIs

These exhibits contain highly sensitive commercial and technical information, including trade secrets, confidential proprietary materials subject to pending patent filings, export-controlled data, and government Request for Information (RFI) materials. In this case, public disclosure of these

materials would cause significant and irreparable harm to Plaintiff Rapport by compromising his intellectual property, possibly violating export control laws, and revealing sensitive information to potential competitors and hostile actors.

Plaintiffs do not seek to seal the entire record, and the core factual allegations, legal arguments, and references to these exhibits remain available in the public Complaint. However, good cause exists to seal these specific exhibits, as they fall within the recognized exceptions to the public right of access, including protection of trade secrets and compliance with federal law. As the Supreme Court has recognized, "the right to inspect and copy judicial records is not absolute," and courts may deny public access to judicial records where court files might "become a vehicle for improper purposes" or where disclosure could harm a litigant's competitive standing. *E.g., Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("courts have refused to permit their files to serve […] as sources of business information that might harm a litigant's competitive standing").

# I. Arguments in Support of Sealing

## A. No Public-Party Interest

Unlike *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016), referred to in this Court's standing order, this case does not involve a putative class action, and no members of the general public are parties here. Plaintiffs posit that the strong presumption of openness that attaches in class litigation carries far less weight in this context.

## B. Narrow Tailoring

Plaintiff's sealing requests are narrowly tailored. Only those exhibits that may become a vehicle for improper use—for example, by revealing trade secrets, export-controlled technical material, or information whose disclosure could compromise public safety—are filed under seal, to ensure compliance with U.S. export-control restrictions and to prevent dissemination of sensitive defense-related information. Redacted versions of these exhibits were placed on the public docket in appropriate instances to preserve public access while protecting sensitive content.

## C. Document-By-Document Analysis

The Sixth Circuit has made clear that "[t]he proponent of sealing therefore 'must analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *See Shane Group*, 825 F.3d 299 (6th Cir. 2016); *see also Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d

548 (6th Cir. 2002). Plaintiff has complied by supplying document-by-document justifications for each sealed exhibit.

### 1. Exhibit B4: Technical Materials

1. **vacuustat_math.pdf:** Contains original mathematical derivations of the Vacuustat, constituting core trade secret IP whose disclosure would irreparably harm Plaintiff's competitive standing.

2. **vacuustat_basic.md:** A simplified but still proprietary technical primer revealing confidential methodology, trade secrets, and concepts not otherwise public.

3. **Vacuustat Structure Final Report.pdf (CAD images):** Detailed structural CAD schematics prepared under contractor confidentiality obligations, disclosing design trade secrets.

4. **Vacuustat_Al$_2$O$_3$ Rev8.pdf (schematics):** Proprietary engineering schematics incorporating sensitive materials data, reflecting trade secrets.

5. **fringes.py:** Source code implementing custom fringe-tracking algorithms, the disclosure of which would reveal proprietary methods constituting trade secrets.

6. **analyze_data.py:** Proprietary data analysis code reflecting confidential research methodology, technical know-how, and trade secrets.

7. **cep_calculator.py:** Proprietary software embodying specialized calculation methods, constituting trade secret information.

8. **calculator.py:** Proprietary software implementing custom algorithms, constituting trade secrets.

9. **calculator_screenshot.png:** Image showing the functionality and interface of proprietary software, revealing non-public design details, which are trade secrets.

10. **atp.md:** Proprietary technical analysis of acquisition, pointing, and tracking methodology for the Artifact, containing confidential know-how and trade secret information.

11. **ARK_NSF_SBIR_Phase_I_Project_Pitch.pdf:** NSF grant application draft containing detailed descriptions of Plaintiff's proprietary technology and trade secrets not publicly disclosed, the disclosure of which would cause great competitive harm.

## 2. Exhibit E4: RFIs

1. **2045 RFI Black Lattice ConOps RFI:** Contains detailed concept-of-operations materials submitted in response to a government RFI, disclosing proprietary technical concepts and strategic plans, the disclosure of which would cause great competitive harm.

2. **MDA 2045 RFI Vacuum Balloons:** Proprietary RFI submission with sensitive technical details regarding vacuum-balloon technology, disclosure of which would compromise trade secret information and competitive positioning.

3. **MDA C2BMC BAA Vacuum Balloon White Paper:** Proprietary white paper submitted under a government Broad Agency Announcement, containing confidential technical and strategic information intended only for government evaluators, the disclosure of which would cause great competitive harm.

### 3. Signal Export

1. **signal_export (unredacted Signal conversations with Chapiro):** Contains more than 1,200 private communications inextricably intertwined with Plaintiff's trade secrets, proprietary R&D, and technical concepts, including candid operational planning and proprietary technical details (e.g., gyro architecture, antenna/gimbal design, power/comms parameters, performance tradeoffs, and pricing) that reveal Plaintiff's non-public engineering concepts and competitive strategy and that, if publicly disclosed, would cause irreparable competitive and safety-related harm. Disclosure would not only cause irreparable commercial harm but also present public-safety risks and disseminate information subject to U.S. export-control restrictions, such that sealing the entire exhibit is the only narrowly tailored means of protection.

2. **Initial Emails:** Selected email exhibits (redacted in public docket, unredacted versions filed under seal). Contains passages of confidential information, including trade secrets, export-controlled technical material, and public-safety sensitive content, which have been narrowly redacted on the public record with full unredacted copies to be submitted under seal for the Court's review.

### 4. Technical Papers

1. **Artifact Papers (1.a, 1.b, 1.c):** Contain proprietary scientific and engineering analyses of Plaintiff's Artifact technology, including novel analyses of interferometric experiments and internal Radian Industries white papers, disclosure of which would reveal trade secrets and disseminate export-controlled information.

2. **Vacuustat Papers (2.a):** Contain detailed theoretical treatments of the Vacuustat technology, disclosing trade-secret formulas and design principles whose release would irreparably harm competitive standing and pose both public-safety and export-control concerns.

3. **Artifact Patent Pending:** Contains the title of Plaintiff's unpublished patent application, which reveals confidential details of the invention's operation; public disclosure would defeat Plaintiff's request for nonpublication under U.S. patent law, irreparably harm Plaintiff's competitive standing, and risk dissemination of sensitive technical information with public-safety and export-control implications.

## D. Distinguishing *Shane Group*

In *Shane Group*, referred to in this Court's Standing Order, the Sixth Circuit emphasized the gross overreach of the district court's sealing orders, which had sealed not only key dispositive filings but also 194 exhibits—including the expert report at the heart of the settlement approval. *See Shane Group*, 825 F.3d 299 (6th Cir. 2016). By contrast, Plaintiffs here seek to seal only narrowly defined categories of exhibits containing trade secrets and sensitive technical material. Plaintiffs are not requesting here that any pleadings, motions, or dispositive filings be sealed. This targeted request is far removed from the overbroad sealing condemned in *Shane Group*.

## E. Trade Secrets as a Recognized Exception

The Sixth Circuit has recognized that "legitimate trade secrets" are "a recognized exception to the right of public access to judicial records." *See Brown & Williamson Tobacco Corp. v. FTC*,

7

710 F.2d 1165, 1180 (6th Cir. 1983). The sealed exhibits here contain legitimate trade secrets, potentially export-controlled technical information, and materials whose disclosure could harm Plaintiffs' competitive standing or, as the Supreme Court cautioned in *Nixon v. Warner Communications, Inc.*, "become a vehicle for improper purposes." 435 U.S. 589 (1978). These categories fall squarely within the exceptions acknowledged by the Sixth Circuit and the Supreme Court.

## II. *Ex Parte* Submission

This motion is submitted *ex parte* due to the time-sensitive nature of the concurrently filed Complaint and to prevent further dissemination of the confidential materials at issue. A proposed draft form of the order is attached.

Dated: 10/3/2025

Respectfully Submitted,

/s/Michael W. Vary
Michael W. Vary, Ohio Reg. 33,789
Counsel for Plaintiffs
17710 Westview Drive
Bainbridge, Ohio 44023
vary.michael@gmail.com
216-496-3429

# **ORDER**

For good cause shown, pursuant to Local Rule 5.2 and the Court's inherent authority to protect confidential and proprietary information, it is hereby ORDERED that the following exhibits may be filed under seal:

- **Exhibit B2**: Artifact Patent Pending
- **Exhibit B3**: Technical Papers
- **Exhibit B4**: Technical Materials
- **Exhibit C6**: Signal Export
- **Exhibit E4**: RFIs

_____                    _____

Date                                                                     United States District Judge