# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISON

| | |
|---|---|
| NATHAN RAPPORT, et al., | ) CASE NO. 1:25-cv-02071-CEF |
| Plaintiffs, | ) JUDGE CHARLES ESQUE FLEMING |
| v. | ) MAGISTRATE JUDGE REUBEN J. SHEPERD |
| MICHAEL CHAPIRO, | ) **REPORT AND RECOMMENDATION** |
| Defendant. | ) |

On September 30, 2025, Plaintiffs Nathan Rapport and Radian Industries, Inc. (collectively, "Plaintiffs") filed a Complaint against Defendant Michael Chapiro ("Defendant") raising 23 civil claims, among them violation of Plaintiffs' trade secrets, Lanham Act claims, RICO claims, contract claims, defamation, tortious interference with business relationships, and state law claims, among others. (*See generally* ECF Doc. 1). That day, Plaintiffs also filed numerous exhibits to the Complaint to support their claims. (ECF Doc. 2 and attachments). On October 3, 2025, Plaintiffs filed an *ex parte* motion to seal the exhibits to the complaint, which Judge Fleming granted on October 6, 2025. (ECF Docs. 4, 6; *see also* ECF Docs. 7-9). On October 29, 2025, the matter was referred to me for general pretrial supervision and resolution of non-dispositive motions. (Non-document entry of October 29, 2025).

On October 28, 2025, Plaintiffs filed an *Ex parte* Motion to permit alternative service on Defendant (ECF Doc. 10), amended on October 29, 2025 (ECF Doc. 11). In the amended *ex*

1

*parte* motion, Plaintiffs requested alternative service pursuant to Federal Rule of Civil Procedure 4(f)(3) or Rule 4(e)(1), alleging that Defendant has been avoiding service, despite Plaintiff's attorney's attempts to serve him via direct certified mail, a process server, and by email. (ECF Doc. 11, pp. 2-5). Despite these efforts made by Plaintiffs' attorney to notice Defendant, it appeared on the docket that Plaintiffs had failed to comply with this Court's rules for service as provided in Local Rule 4.2(a), and service had not yet been properly effected on Defendant. Therefore, on October 29, 2025, I denied Plaintiffs' motion for alterative service without prejudice, and instructed Plaintiffs' attorney to effect service according to Local Rule 4.2. (Second non-document entry of October 29, 2025). On November 3, 2025, the Clerk placed the Summons and Complaint in the U.S. mail for service by certified mail. (Non-document entry of November 3, 2025). At the time of this writing, it does not appear that service has been perfected against Defendant. (*See generally* Docket).

Plaintiffs now move *ex parte* for a temporary restraining order ("TRO"), (ECF Doc. 12), which Judge Fleming has referred to me for preparation of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) (non-document entry of Nov. 4, 2025). Plaintiffs have filed this motion *ex parte*, acknowledging that service has not been perfected against Defendant, and, in contravention to this Court's earlier order otherwise, served notice of the TRO to Defendant by email. (ECF Doc. 12, at p. 2, n.1; p. 16 (certificate of service by Plaintiffs' attorney); ECF Doc. 12-4 (Decl. of Michael W. Vary, Esq.)). In the TRO, Plaintiffs move for a TRO to prevent alleged ongoing and irreparable harm from occurring, and to enjoin Defendant's alleged violations of the parties' contracts, of the Defense of Trade Secrets Act ("DTSA"), and of the Lanham Act. (*See* ECF Doc. 12, pp. 2-3, pp. 5-11).

Federal Rule of Civil Procedure 65 governs injunctions and restraining orders, and permits courts to issue TROs in certain contexts. Fed. R. Civ. P. 65(b). A TRO may be issued *ex parte*. *First Tech. Safety Sys., Inc. v. Depinet*, 11 F.3d 641, 650 (6th Cir. 1993), citing Fed. R. Civ. P. 65(b). However, *ex parte* TROs are not freely granted. *See id.* An *ex parte* TRO may be granted "only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(A)-(B). The Sixth Circuit has explained "Rule 65(b) restrictions on the availability of *ex parte* temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *First Tech. Safety Sys., Inc.*, 11 F.3d at 650. "An *ex parte* temporary restraining order is thus 'an extraordinary measure' that will only by granted if the movant 'clearly shows that such relief is warranted.'" *Farm Credit Mid-Am., ACA v. Varner*, No. 3:21-CV-757-RGJ, 2021 WL 9979768, at *1 (W.D. Ky. Dec. 21, 2021), quoting *Farrell v. Harvey Elam Fair Value Appraisal Servs.*, No. 11-CV-12368, 2011 WL 13220291, at *1 (E.D. Mich. June 3, 2011) and *Schuh v. Mich. Dep't of Corr.*, No. 09-982, 2010 WL 3648876, at *2 (W.D. Mich. July 26, 2010).

Here, Plaintiffs have already been ordered by this Court to correct prior issues with service. (Second non-document entry of Oct. 29, 2025). Even so acknowledging, they appear to perceive the Court's order denying without prejudice as one "temporarily" made, (ECF Doc. 12, p. 2, n.1), rather than as one requiring that "both sides of a dispute" have "reasonable notice and an opportunity to be heard." *First Tech. Safety Sys., Inc.*, 11 F.3d at 650. Effort to perfect service,

3

in compliance with applicable federal and local civil rules, must be made so that both parties may adequately avail themselves of the courts. Rule 65(b)'s permission for an *ex parte* TRO in extraordinary circumstances does not counsel otherwise.

Although Plaintiffs' attorney may have sent a copy to Defendant by email, (ECF Doc. 12, p. 16), simply sending notice of a TRO by email does not satisfy Rule 65(b)(1)(B)'s requirements. *See Farm Credit Mid-Am., ACA* 2021 WL 9979768, at *1-2 (finding that, because Defendant had not been served and even though other efforts to contact Defendant had been made, Plaintiff had not satisfied Rule 65(b)(1)(B) and *ex parte* issuance of a TRO was improper). To satisfy Rule 65(b)(1)(B), Plaintiffs' attorney must both certify efforts made in writing, and must also give the reasons why notice should not be required. As Plaintiffs' counsel acknowledges in his declaration, this Court has rejected the request to use email service upon Defendant. (ECF Doc. 12-4, ¶ 9). Attorney Vary's belief that Defendant is evading service, is, at this stage, not reflected in the docket. Rather, the docket reflects that any prior efforts he made to notice Defendant of this lawsuit between September 30 and October 29 were made against this Court's rules for service, and that it was not until November 3 that the Clerk's office sent Defendant the summons and complaint. (See generally Dkt.). Mr. Vary's Rule 65(b)(1)(B) reasoning for requiring an *ex parte* TRO thus fails. Proper service under applicable local rules must first be fully attempted before an *ex parte* TRO may proceed.

I therefore recommend the District Court deny Plaintiffs' motion, at least to the extent it is filed *ex parte*. Moreover, it is not apparent on the face of the filings that Plaintiff is entitled to injunctive relief. Thus, to permit time for the Clerk's office recent mailing to make its way to Defendant and service be perfected, I will set a TRO hearing for November 21, 2025 at 12:00 p.m., in Courtroom 11B.

Dated: November 6, 2025

Reuben J. Sheperd
United States Magistrate Judge

---

**OBJECTIONS**

**Objections, Review, and Appeal**

Within 14 days after being served with a copy of this report and recommendation, a party may serve and file specific written objections to the proposed findings and recommendations of the magistrate judge. Rule 72(b)(2), Federal Rules of Civil Procedure; *see also* 28 U.S.C.§ 636(b)(1); Local Rule 72.3(b). Properly asserted objections shall be reviewed de novo by the assigned district judge.

\* \* \*

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; "a general objection has the same effect as would a failure to object." *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, \*2 (W.D. Ky. June 15, 2018) quoting *Howard*. The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).