IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Nathan Rapport, and<br>Radian Industries Inc.,<br><br>    *Plaintiffs*,<br><br>v.<br><br>Michael Chapiro,<br><br>    *Defendant.* | Case No. 1:25-cv-02071-CEF<br><br>Judge Charles E. Fleming |

**PLAINTIFFS' OBJECTION TO REPORT AND RECOMMENDATIONS**

Plaintiff[1], through its undersigned counsel, pursuant to 28 USC § 636(b)1, Rule 72(b)2, Fed. R. Civ. P., and Local Rule 72.3(b), hereby submit for *de novo* review its objection to the report and recommendations ("Opinion") of Magistrate Judge Sheperd dated November 6, 2025.

**BACKGROUND AND OPINION**

In its November 6, 2025 Opinion the Court correctly summarized the status of the complaint and pending motions. As of the date hereof, and as confirmed by contact with the Clerk of Court on November 19, 2025, there is no proof that service of the complaint and subpoena have been perfected upon Defendant in this case. Plaintiff's *ex parte* motion to permit alternative service of the complaint and subpoena (ECF doc 10, 11), was also correctly summarized by the Court in its November 6 Opinion. That motion was denied in a non-document marginal entry dated October

---

[1] Unless otherwise specified, and solely for the purposes of convenience in this pleading, the term "Plaintiff" as used herein refers collectively to Plaintiffs Nathan Rapport and Radian Industries Inc. ("Radian").

29, 2025. That marginal entry order of October 29, 2025 is fairly summarized as follows: Plaintiff is not allowed to use the alternative methods of service for the complaint and summons under Rule 4, Fed. R. Civ. P., because, to date, it has failed to follow the specific provisions of Local Rule 4.2.

Immediately upon receipt of that Order Plaintiff's counsel provided the complaint, summons and all other documents to the Clerk of Courts for service upon Mr. Chapiro, along with the certified mail documentation and postage as required under Local Rule 4.2. As of the writing of this objection, service has not been perfected.

Plaintiffs motion for an *ex parte* temporary restraining order pursuant to Rule 65 was filed shortly thereafter on November 4, 2025. While no notice whatsoever is required by Rule 65 for the requested TRO relief under Rule 65, Plaintiff's counsel provided notice of the TRO to Defendant by sending the motion and draft order and all of its exhibits via email to Defendant at his regularly used email address, the only means possible, and known to Plaintiff's counsel to procure actual notice of such a motion to Defendant.

In its Opinion, in which the Court recognized that it denied Plaintiff's motion for alternative service without prejudice, it found that Plaintiff's counsel somehow acted "in contravention to this court's earlier order otherwise, serve notice of the TRO to Defendant by email." (Opinion at p.2) The Court also specified a preference to perfect service of the summons and complaint, prior to holding a hearing on Plaintiff's request for preliminary relief. The Court's analysis continued, indicating that "simply sending notice of a TRO by email does not satisfy Rule 65(b)(1)(B)'s requirements." (Opinion at p.2.) The Court concluded its analysis by scheduling a

2

hearing on the request for preliminary relief for November 21, 2025, to allow time for the Clerk of Court to perfect service of the summons and complaint. (Opinion p. 4.).

## OBJECTION

Plaintiff objects to the report and recommendations of the Magistrate Judge to the extent that the Magistrate Judge improperly conflated the allowed methods and standards for service of the complaint and summons under Fed. R. Civ. P. Rule 4 and Local Civil Rule 4 (and in his prior order) with the notice provisions of Rule 65. Plaintiff respectfully submits that the Court's analysis in this regard is legally flawed and clearly erroneous, and respectfully requests that the Recommendation and Order be reversed. 28 USC § 636(b)1, Rule 72(b)2, Fed. R. Civ. P., and Local Rule 72.3(b).

## ARGUMENT

What constitutes "notice" under Rule 65(B) is a different standard of notice than that required for proper service under Rule 4 for a summons and complaint. Even though the Court directed plaintiff to follow Local Rule 4 with regard to the summons and complaint, which, as noted above, was promptly done within days of the Court's Order of October 29, 2025, the Court's order was limited to the requirements of proper Rule 4 service for the summons and complaint only, and not any other Rule requirements or any other documents in the case. Indeed, this Rule

3

4 Order simply has no applicability as to what constitutes proper "notice" under Rule 65(B) with regard to preliminary injunctions and temporary restraining orders.[2]

As the Court properly recognized, notice and an opportunity to be heard are the touchstones of due process applicable to preliminary injunctive relief in Rule 65 hearings. (Order at p.4). Under Rule 65(B) the question of what constitutes sufficient notice is primarily directed to the court's discretion. *See, e.g.*, *People of State of Illinois ex rel. Hartigan v. Peters*, 871 F.2d 1336, 1340 (7th Cir. 1989). It was entirely appropriate, therefore, for Plaintiff's counsel to provide notice via any way possible, including via email to the defendant with regard to the requested temporary restraining order/preliminary injunction, to provide such due process notice, and contrary to the Court's statement on page 2 of its Opinion.[3] The court erred by conflating the service requirements of Rule 4 as it relates to the complaint and subpoena with the reasonable notice requirements of Rule 65 relating to temporary restraining orders and preliminary injunctions. That was plainly erroneous and is a basis for reversal.

The Court's prior order with regard to alternative service is limited to Rule 4 and the efforts to affect service of the subpoena and complaint. However, the reasonable notice requirements of Rule 65 as it relates to preliminary injunction orders is quite distinct. *See* Ohio R. Civ. P., Rule 65(B)(1), requiring "reasonable notice". Nothing in the Court's marginal order

---

[2] Or any other pleadings or motions in this case, including this one.
[3] As Plaintiff noted in its motion for alternative service, the record establishes that Defendant actively uses and maintains the email account associated with his active correspondence, and that service through this account is the method most reasonably calculated to provide actual notice.

restricts how reasonable notice was to be accomplished in connection with the Rule 65 motion. And nothing in the court order is directed to the Rule 65 standard of reasonable notice.

In its Opinion, in which the Court recognized that it denied plaintiff motion for alternative service without prejudice, it found that Plaintiff's counsel "in contravention to this court's earlier order otherwise, served notice of the TRO to defendant by email." This statement confirms that the Court conflated the standard of its earlier order under Rule 4 relating to the perfecting of the service of the summons and complaint with the reasonable notice requirement of Rule 65. That was legal error and is reviewable *de novo.* 28 USC § 636(b)1, Rule 72(b)2, Fed. R. Civ. P., and Local Rule 72.3(b).

In fact, as Rule 65 dictates in connection with preliminary injunctive relief, counsel is required to use all reasonable means necessary to effectuate service of the motion. That would include telephone calls and emails. Nothing in the authorities cited by the Court in its Opinion is apropos to Plaintiff's efforts to provide notice. Indeed, in the sole case cited in the Court's Opinion, *Farm Credit Mid-Am ACA v. Varner*, No. 3:21-CV-757-RGJ (W.D.Ky. Dec. 21, 2021) there was no notice given whatsoever prior to the hearing on a motion for a preliminary injunction. Because no notice was given in that case, unlike here where email notice was provided, that case is simply inapposite. Plaintiff's effort to serve Defendant via email, which occurred now seventeen days before the scheduled court hearing is plainly adequate notice under Rule 65.

The court cannot have it both ways. On the one hand, the court cannot insist on due notice by all means appropriate in connection with Rule 65 compliance, yet castigate counsel for

5

somehow acting in contravention to an unconnected prior order solely relating to a Rule 4 perfection of service for a complaint and summons.

## CONCLUSION

Accordingly, Plaintiff respectfully requests that this Court reverse the Report and Recommendation of the Magistrate Judge, dated December 6, 2025.

Dated: November 20, 2025        Respectfully Submitted,
                                /s/ *Michael W. Vary*
                                Michael W. Vary, Ohio Reg. 33,789
                                Counsel for Plaintiffs
                                17710 Westview Drive
                                Bainbridge, Ohio 44023
                                vary.michael@gmail.com
                                216-496-3429

6

**Certificate of Service**

The undersigned hereby certifies that on November 20, 2025, I caused a true and correct copy of Plaintiffs' Objection to the Report and Recommendation to be served on Defendant Michael Chapiro by electronic mail at *Michael@Machcap.com*. Service is made by email for the purposes of providing notice of this filing and without prejudice to Plaintiffs, or to Plaintiffs' pending or future request for authorization of alternative service of the summons and complaint under Rule 4, Federal Rules of Civil Procedure.

/s/ *Michael W. Vary*
Michael W. Vary