IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Nathan Rapport, and<br>Radian Industries Inc.,<br><br>    *Plaintiffs*,<br><br>v.<br><br>Michael Chapiro,<br><br>    *Defendant*. | Case No. 1:25-cv-02071-CEF<br><br>Judge Charles E. Fleming<br>Before Judge R. Sheperd |

# PLAINTIFFS' NOTICE OF PERFECTED SERVICE

## I. BACKGROUND

On November 3, 2025, consistent with Local Civil Rule 4.2 and the Court's October 29 directive, Plaintiffs' counsel provided the Summons and Complaint to the Clerk of Court for certified mail service on Defendant. (Non-document entry of Nov. 3, 2025.)

The required materials were mailed to the address, listed by the Defendant on his legal contracts (see Compl. Exh. A1 p. 47) and regularly used by him.

The United States Postal Service thereafter delivered the certified mailing on November 8, 2025 at 11:15 AM, recorded as:

"Delivered, Left with Individual"
Seattle, WA 98121
November 8, 2025 – 11:15 AM

The USPS tracking record (Tracking No. 9589 0710 5270 3516 1705 61) reflecting delivery is attached as Exhibit A.

## II. LAW AND ARGUMENT

Because the required materials were mailed to the address listed by the Defendant on his legal contracts (see Compl. Exh. A1 p. 47), and regularly used by him, there is a reasonable expectation that these documents would reach him at this address. *See United Home Fed. v. Rhonehouse*, 76 Ohio

App.3d 115, 601 N.E.2d 138 (Ohio App. 1991). Service using his postal address is therefore a recognized method of service under Ohio law. The requirements of Rule 4(e)(1), allowing service under methods recognized by the forum state, are therefore satisfied. (*Id.*)

The absence of the physical return receipt does not invalidate the service, i.e., service itself is the operative act, not the proof of service. Federal Rule of Civil Procedure 4(l)(3) plainly states: "Failure to prove service does not affect the validity of service. The court may permit proof of service to be amended." Courts do not treat the filing of proof-of-service as a precondition of the validity of service. *See, e.g., Hope v. Otis Elevator Co.*, 389 F. Supp. 2d 1235 (E.D. Cal. 2005) ("Outrigger ... argues that Plaintiff's service is insufficient because Plaintiff failed to timely file a proof of service. But this argument does not justify dismissal because '[f]ailure to make proof of service does not affect the validity of service.'"). By the regular record of the United States Postal Service, the fact of service is established on November 8, regardless of any administrative delay in the failure to return the post-card or in docketing the receipt.

Rule 4 of the Local Civil Rules is not to the contrary. That Rule addresses the situations where the Clerk's package is received and the post-card returned, or where the package is returned undeliverable. It does not address the circumstance, where, as here, the package is delivered to a person and the post-card not returned.

To hold that the issue of service hangs on the administrative filing of a physical post-card receipt would be inconsistent with Rule 4(l)(3). Delivery itself is the operative event: USPS tracking confirmation constitutes sufficient proof that that event occurred. Indeed, should the post-card later be returned and filed, Rule 4(l)(3) allows proof of service to be amended, if necessary.

### III. CONCLUSION

Local Civil Rule 4.2(a) provides that service by certified mail is complete when the United States Postal Service delivers the mailing to the intended address. The rule does not require a returned physical receipt before service is legally effective.

Under Fed. R. Civ. P. 4(l)(3), the absence of a docketed return receipt does not affect the validity of service following delivery. As of November 27, at least nineteen days have passed since the USPS recorded the delivery of the Summons and Complaint. Although this is an unusually long delay, there is no need to speculate on whether or why the return post-card receipt has been lost in the mail. The business record of the United States Post Office demonstrates that the USPS delivered the Clerk-mailed Summons and Complaint to Defendant's address on November 8, 2025 in full compliance with Rule 4.  Accordingly, Plaintiffs' counsel represents, and hereby notifies the Court that service was perfected as of that date.

An executed copy of the return for the summons is filed contemporaneously herewith.

November 28, 2025

                                                     Respectfully Submitted,

                                                     */s/ Michael W. Vary*

                                                     Michael W. Vary, Ohio Reg. 33,789
                                                     Counsel for Plaintiffs
                                                    17710 Westview Drive
                                                    Bainbridge, Ohio 44023
                                                    `vary.michael@gmail.com`
                                                    216-496-3429

**Certificate of Service**

The undersigned hereby certifies that on November 28, 2025, I caused a true and correct copy of Plaintiffs' Notice of Perfected Service along with Exhibit A, and the contemporaneously filed proof of service to be served on Defendant Michael Chapiro by electronic mail at *Michael@Machcap.com*.

/s/ *Michael W. Vary*
Michael W. Vary