# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| NATHAN RAPPORT, *et al.*, | ) | CASE NO. 1:25-cv-2071 |
| | ) | |
| Plaintiffs, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL CHAPIRO, | ) | **ORDER ADOPTING MAGISTRATE'S** |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendant. | ) | |
| | ) | |

Pending before the Court are: (i) Magistrate Judge Reuben Sheperd's report and recommendation ("First R&R") that the Court should deny Plaintiffs' ex parte motion for a temporary restraining order ("TRO Motion") (ECF No. 12), (ECF No. 13); and (ii) Magistrate Judge Sheperd's report and recommendation ("Second R&R") that the Court deny Plaintiffs' application for entry of default ("Default Motion") (ECF No. 18), (ECF No. 19). Plaintiffs have filed timely objections to both R&Rs. (ECF Nos. 14, 20). For the reasons that follow, the Court **OVERRULES** Plaintiffs' objections, **ADOPTS** both the First R&R and Second R&R, in part, and **DENIES** both the TRO Motion and Default Motion **WITHOUT PREJUDICE**.

I.      **BACKGROUND**

On July 31, 2024, Plaintiffs Nathan Rapport and Radian Industries, Inc., filed a complaint against Defendant Michael Chapiro, asserting claims for RICO violations, violations of the Lanham Act, violations of trade secrets, defamation, tortious interference with business relationships, and more. (ECF No. 1). Plaintiffs filed an initial and amended *ex parte* motion to permit alternative service on Defendant. (ECF Nos. 10, 11). On October 29, 2025, Magistrate

1

Judge Rueben Sheperd denied the two motions for alternative service without prejudice. (Order [non-document] dated Oct. 29, 2025). The order provided the following instructions:

> To properly effect service, Plaintiff's attorney must prepare a packet as described in Local Rule 4.2(a) and deliver to the Clerk's office for mailing. He has not done so, and has therefore not shown that alternative service is necessary under the general rules of Federal Rule of Civil Procedure 4, or that Defendant is not present in the country and foreign service is necessary under Rule 4(f). Plaintiff's attorney is ordered to comply with Local Rule 4.2 and prepare the packet for service by the Clerk, no later than November 12, 2025. Plaintiff's attorney is responsible under that Rule for determining if service has been made under its provisions and under Rule 4 of the Ohio Rules of Civil Procedure.

(*Id.*).

On October 31, 2025, Plaintiffs filed the TRO Motion. (ECF No. 12). On November 6, 2025, Magistrate Judge Sheperd issued the First R&R recommending that the Court deny the TRO Motion to the extent that it is filed *ex parte*. (ECF No. 13). Magistrate Judge Sheperd notes that Plaintiffs acknowledged they have not perfected service on Defendant and they also served the TRO Motion on Defendant via email, which contravened the Court's earlier instructions on proper service. (*Id.* at PageID #943). Noting that the Court has denied Plaintiff's motions for alternative service, Magistrate Judge Sheperd found that "[p]roper service under applicable local rules must first be fully attempted before an *ex parte* TRO may proceed." (*Id.* at PageID #944–45). In an effort to permit time for Plaintiffs to perfect service, Magistrate Judge Sheperd scheduled a TRO hearing for November 21, 2025. (*Id.* at PageID #945).

The First R&R also gave Plaintiffs notice of the 14-day deadline for filing objections.[1] (*Id.* at PageID #946). The notice warned Plaintiffs that "[f]ailure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the

---

[1] Fed. R. Civ. P. 72(b)(2) provides that the parties may object to a Magistrate Judge's R&R within 14 days after service.

district judge or in a subsequent appeal to the United States Court of Appeals[.]" (*Id.*). On November 20, 2025, Plaintiffs filed an objection to the R&R. (ECF No. 14).

On November 28, 2025, Plaintiffs filed purported proof of service on Defendant, (ECF No. 16), as well as a notice of perfected service, (ECF No. 17). Plaintiffs then filed the Default Motion, seeking entry of default against Defendant. (ECF No. 18). On January 9, 2026, Magistrate Judge Sheperd issued the Second R&R, recommending that the Court deny the Default Motion. (ECF No. 19). Magistrate Judge Sheperd found that: (i) Plaintiffs had not perfected service on Defendant; and (ii) even if service was perfected, personal jurisdiction over Defendant appears lacking. (*Id.* at PageID #971–80). He also extended the deadline for Plaintiffs to perfect service on Defendant to March 30, 2026, and warned that failure to do by that deadline would result in a recommendation for dismissal of this case without prejudice. (*Id.* at PageID #981–83). Plaintiffs filed objections to the Second R&R on January 22, 2026. (ECF No. 20).

## II.   LEGAL STANDARD

Under the Federal Magistrates Act, a district court must conduct a *de novo* review of those portions of the report and recommendation to which the parties have objected. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). Absent objection, a district court may adopt a report and recommendation without further review. *See Peretz v. United States*, 501 U.S. 923, 939 (1991); *Thomas v. Arn*, 474 U.S. 140, 141–42 (1985). Pursuant to Fed. R. Civ. Proc. 72(b)(3), a district judge:

> [M]ust determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. Proc. 72(b)(3). An objection must address specific issues within the magistrate judge's report and recommendation. *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509

3

(6th Cir. 1991). That means that a petitioner must direct "the district judge's attention to specific issues decided by the magistrate contrary to [the petitioner's] position." *Ayers v. Bradshaw*, No. 3:07-cv-2663, 2008 U.S. Dist. LEXIS 27218, 2008 WL 906100, at *2 (N.D. Ohio, Mar. 31, 2008) (quoting *Neuman v. Rivers*, 125 F.3d 315, 323 (6th Cir. 1997)); *see also Bulls v. Potter*, No. 5:16-cv-02095, 2020 U.S. Dist. LEXIS 30163, 2020 WL 870931, at *1 (N.D. Ohio Feb. 21, 2020) (providing that objections "must be specific in order to trigger the de novo review").

General objections are insufficient to meet the specificity requirement as objections "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) (quoting *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)) (internal quotation marks omitted); *see also Howard*, 932 F.2d at 509 (providing that a general objection to a magistrate judge's report and recommendation "has the same effects as would a failure to object"). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context. *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004).

### III.  DISCUSSION

#### A.  First R&R – Ex Parte TRO

In their objection to the First R&R, Plaintiffs essentially argue that they gave adequate notice of the TRO Motion to Defendant via email. (ECF No. 14, PageID #949). First, this argument is somewhat confusing because Plaintiffs requested an ex parte TRO, and now they appear to be arguing that they have given notice—which would defeat their request for ex parte relief. Second, for reasons discussed in the following section, Plaintiffs have not perfected service on Defendant. The Court could find no caselaw where courts have found there to be proper notice

4

of a pending motion, such that the Court could move forward when the plaintiffs have not properly served the defendant. In fact, the Court cannot exercise jurisdiction over Defendant, and address the TRO Motion, until Plaintiffs have perfected service on him. *See Canaday v. Anthem Companies, Inc.*, 9 F.4th 392, 395 (6th Cir. 2021) ("Over time, service of process became a prerequisite for obtaining authority over a defendant, making it appropriate to say that 'service of process conferred jurisdiction.'" (quoting *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104, 108 S. Ct. 404, 98 L. Ed. 2d 415 (1987))); *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012) ("[W]ithout proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant."); *Amen v. City of Dearborn*, 532 F.2d 554, 557 (6th Cir. 1976); *see also O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 352 (6th Cir. 2003) ("Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties."). As a result, courts, including many within the Sixth Circuit, have generally held that failure to effectuate proper service on a defendant bars issuance of injunctive relief against such defendant. *See Haowei Yang v. Shenzhen Hongfangrui Tech. Co.*, No. 23-cv-13001, 2023 U.S. Dist. LEXIS 215230, at *2–3 (E.D. Mich. Dec. 4, 2023) (collecting cases); *Erard v. Mich. Sec'y of State*, 905 F. Supp. 2d 782, 793 (E.D. Mich. 2012) (same).

Finally, the Court also finds that Plaintiffs have failed to demonstrate that they are entitled to ex parte relief. A preliminary injunction is an extraordinary and drastic remedy that is only appropriate where a movant establishes circumstances that clearly demand it. *See Stenberg v. Cheker Oil Co.*, 573 F.2d 921, 925 (6th Cir. 1978) (quoting *Canal Auth. of Fla. v. Callaway*, 489 F.2d 567, 576 (5th Cir. 1974)); *see also James B. Oswald Co. v. Neate*, 98 F.4th 666, 672 (6th Cir. 2024); *Overstreet v. Lexington-Fayette Urb. Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). By

5

preventing that harm and preserving the status quo between the parties, a preliminary injunction protects a court's ability to decide the case on its merits. *Stenberg*, 573 F.2d at 925.

Courts decide whether to take this extraordinary measure by considering four factors: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury absent the injunction; (3) whether the injunction would cause substantial harm to others; and (4) whether the public interest would be served by the issuance of an injunction." *S. Glazer's Distribs. of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 849 (6th Cir. 2017). While no one factor carries controlling weight, *Michigan State v. Miller*, 103 F.3d 1240, 1249 (6th Cir. 1997), the first—whether the movant is likely to succeed on the merits—is generally considered the most important of the four. *Higuchi Int'l Corp. v. Autoliv ASP, Inc.*, 103 F.4th 400, 404 (6th Cir. 2024). If the movant is unlikely to succeed on their claim anyway, the court will not bother enjoining the opposing party. *Id.* Similarly, the second factor—whether the movant would suffer irreparable injury—is considered an "indispensable" requirement for a temporary restraining order or preliminary injunction. *Fischer v. Thomas*, 78 F.4th 864, 868 (6th Cir. 2023); *Ohio v. Becerra*, 87 F.4th 759, 783 (6th Cir. 2023) ("A showing of irreparable harm is an indispensable p[r]er[e]quisite for the issuance of a preliminary injunction."). Thus, without a showing of immediate, irreparable harm, the Court cannot issue a TRO or a preliminary injunction.

Under Federal Rule of Civil Procedure 65(b)(1), the Court may only issue an ex parte TRO when:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

The Sixth Circuit has explained that "Rule 65(b) restrictions on the availability of ex parte temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *First Tech. Safety Sys. v. Depinet*, 11 F.3d 641, 650 (6th Cir. 1993).

Having reviewed the TRO Motion, as well as the complaint, the Court finds that Plaintiff has not met the high standard for issuance of an ex parte TRO. Plaintiff has failed to sufficiently demonstrate that: (i) notice, or even service, upon Defendant is impossible; and (ii) immediate, irreparable injury will result if the Court does not issue a TRO without first giving Defendant an opportunity to be heard in opposition. Accordingly, the Court **OVERRULES** Plaintiffs' objections to the First R&R and **ADOPTS** the First R&R, in part. Because Plaintiffs failed to meet the burden for ex parte relief, and the Court otherwise lacks jurisdiction over Defendant until they have been properly served, the Court will go further than the Magistrate Judge's recommendation. The TRO Motion (ECF No. 11) is **DENIED WITHOUT PREJUDICE**. Plaintiffs may refile their request for temporary or preliminary injunctive relief after they have effectuated proper service on Defendant, if they so choose.

### B. Second R&R – Default Entry

In the second R&R, Magistrate Judge Sheperd found that service of process had not been perfected on Defendant Chapiro, offering the following analysis which the Court adopts fully:

> After this Court's order directing Plaintiffs to serve Chapiro in accordance with Local Rule 4.2(a), Plaintiffs' counsel provided the packet containing the Summons and the Complaint to the Clerk of Courts, who submitted to the United States postal service via certified mail on November 3, 2025. (Non-document entry of Nov. 3, 2025). The Clerk of Courts has not docketed a return receipt for the mailing, although Plaintiffs filed a Notice confirming that the packet had been delivered and left with an individual on November 8, 2025. (ECF Doc. 17-1). Delivery notwithstanding, there yet appears to be a fundamental problem with service of the summons and complaint on Chapiro. Although Plaintiffs claim that the address is

7

one Chapiro regularly uses and lists on his legal contracts (ECF Doc. 17, p. 1), it does not appear to be a valid address for purposes of service of process.

Generally, service of a summons and complaint on an individual defendant must be made by (1) delivery to the individual personally; (2) leaving a copy at "the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there"; or (3) delivering a copy to an authorized agent. Fed. R. Civ. P. 4(e)(2). Service through other means may be available, should the means in Rule 4(e)(2) prove fruitless. *See, e.g.*, Fed. R. Civ. P. 4(e)(1); Local R. Civ. P. 4(c), (l); *and* Ohio R. Civ. P. 4.1 *et seq.* Service may also be made by following state law for either the state where the case is brought or the state where service is made.1 Fed. R. Civ. P. 4(e)(1). For certified mail service, Ohio rules provide that service must be made on an "address," and direct that the postal employee should "show to whom delivered, date of delivery, and address where delivered." Ohio R. Civ. P. 4.1(A)(1)(a).

"Service of process must be made in a manner reasonably calculated to apprise interested parties of the action and to afford them an opportunity to respond." *Hook v. Collins*, 2017-Ohio-976, 2017 WL 1034605, *2 (Ohio Ct. App. Mar. 9, 2017). For service on an individual defendant, such as Chapiro, Ohio courts require that "[i]ndividuals must be served at their 'usual place of residence[.]'" *Id.*, quoting Ohio R. Civ. P. 4.1(A). Service of process at an individual's business address may be proper, if the defendant has "such a habitual, continuous or highly continual and repeated physical presence at the business address that the party ordering the service of process would have reasonable grounds to calculate that the service would promptly reach the party being served." *Hall v. Silver*, 2018-Ohio-1706, 2018 WL 2074743, *3 (Ohio Ct. App. May 2, 2018). A presumption of proper service may be rebutted by evidence that the defendant did not reside or receive mail at the address to which the certified mail service of summons and complaint was sent. *Hook*, 2017 WL 1034605, at *3.

On the Proof of Service form, counsel for Plaintiffs affirms that the summons and complaint were mailed via certified mail to 300 Lenora Street, #787, Seattle, WA, 98121. (ECF Doc. 16, p. 2). However, searching for that address returns the result of a business: The Mailbox Seattle. *See Google Maps* results for 300 Lenora St., Seattle, WA at https://maps.app.goo.gl/YT9HUXicX447JSCy5 (last accessed Jan. 2, 2026). And The Mailbox Seattle advertises private mailbox services so that customers can "use a street address instead of a residential address or P.O. Box" and will accept and/or forward mail on their customers' behalf. *The Mailbox Seattle*, Mailbox Rental, https://www.mailboxseattle.com/Home-Business/Mailbox-Rental (last accessed Jan. 2, 2026). Thus, this address is not where Chapiro resides and is invalid for personal service as his usual place of residence under Ohio rules.
It also does not appear that this address is a valid business address to satisfy Ohio and Federal rules requiring that an address be "reasonably calculated" to reach Chapiro. Ohio courts look to whether a party has a "highly continual and repeated

> physical presence at the business address" to which service was sent. *Hall*, 2018 WL 2074743, at *3. But as Plaintiffs have repeated in this case, Chapiro has a nomadic lifestyle and may not reside in any one location for long. (ECF Doc. 1, Compl., ¶ 8 "Defendant . . . has no known permanent residence and relocates approximately every sixty days . . . ."). Moreover, it is not clear that this address at The Mailbox Seattle is used as Chapiro's business address. The jointly owned corporation at issue, which Plaintiff Rapport names as co-plaintiff, Radian Industries, was incorporated in the state of Wyoming and has an address for service in that state. (ECF Doc. 2-1, p. 10). Also, Plaintiff Rapport names his residential address in Cleveland as the "principal place of business for hardware" for co-plaintiff Radian Industries, and has mailed a document to Chapiro purporting to fire him for cause to that Cleveland address. (*Id.* at p. 12; ECF Doc. 2-3, pp. 1-7). It thus appears that Chapiro has used other addresses in connection with his business dealings, and Plaintiff Rapport has used other business addresses in prior attempts to reach Chapiro. Without commenting on the validity of the other addresses, it nonetheless appears that the Seattle address does not appear to be of the type where Chapiro maintains a "highly continual and repeated physical presence" for purposes of satisfying Ohio rules for service at an individual's business.
>
> Chapiro may yet reside elsewhere. Appended to Plaintiffs' complaint is a document that they purport to be Chapiro's resume posted on LinkedIn. While that document does not list an address, it does state that Chapiro is in the "Denver Metropolitan Area." (ECF Doc. 2-3, p. 8). This also leans against Plaintiffs' effecting proper service at the Lenora address in Seattle.
>
> In all, it is not clear where Chapiro resides or regularly conducts business. However, it is apparent that delivery to the Lenora address in Seattle does not comport with service of process under federal, local, Ohio, or Washington rules of civil procedure. Service has not yet been perfected against Chapiro.

(ECF No. 19, PageID #971–74).

In his objections to the Second R&R, Plaintiffs argue that the Magistrate Judge erred because evidence demonstrates the Lenora Street address is a valid business address. (ECF No. 20, PageID #990–91). Plaintiffs misconstrue the Magistrate Judge's conclusion. Magistrate Judge Sheperd did not state that the Lenora Street address was an *invalid* business address; instead, he stated that it was unclear whether the Lenora Street address was currently used as Defendant's business address and found that the Lenora Street address "does appear to be of the type where Chapiro maintains a 'highly continual and repeated physical presence' for purposes of satisfying

9

Ohio rules for service at an individual's business. (ECF No. 19, PageID #973–74). Even if the Lenora Street address is listed as the headquarters address for Advanced Human Engineering LLC ("AHE"), as argued by Plaintiffs, the websites Plaintiffs cite: (i) do not confirm that Defendant is the owner of AHE; and (ii) suggest that registration for AHE has lapsed. Other than Plaintiffs' allegations in the complaint, they provide no evidence of Defendant's ownership of AHE. Moreover, the allegations that AHE conducted business with Plaintiffs at the time of the complaint does not mean that AHE is still active or currently using the Lenora Street address. In other words, there is not enough evidence to sufficiently undermine the Magistrate Judge's conclusion, and cited evidence, that the Lenora Street address does not satisfy the Ohio rules for service at an individual's business.

Plaintiffs argue that "[w]hen a defendant chooses an address for legal and corporate purposes, service to that address is *prima facie* reasonably calculated to give notice." (ECF No. 20, PageID #991). However, Plaintiffs offer no caselaw or authority to support this proposition. Regardless, Plaintiffs have not demonstrated that their attempts at service of process via certified mail complied with the Ohio Rules of Civil Procedure. "The plaintiff bears the burden of obtaining proper service on a defendant. A [rebuttable] presumption of proper service arises when the record reflects that a party has followed the Civil Rules pertaining to service of process." *Beaver v. Beaver*, 2018-Ohio-4460, ¶¶ 9–10 (Ohio Ct. App. 2018) (citations omitted) (alteration in original). Ohio Civil Rule of Procedure 4.1(A)(1)(a) governs proper service of process by a clerk via United States certified or express mail:

> Evidenced by return receipt signed by *any person*, service of any process shall be by United States certified or express mail unless otherwise permitted by these rules. The clerk shall deliver a copy of the process and complaint or other document to be served to the United States Postal Service for mailing at the address set forth in the caption or at the address set forth in written instructions furnished to the clerk as certified or express mail return receipt requested, with instructions to the delivering

10

postal employee to show to whom delivered, date of delivery, and address where delivered.

Ohio R. Civ. P. 4.1(A)(1)(a) (emphasis added).

Here, Plaintiffs have provided no return receipt that was signed by any individual. Plaintiffs provide only an online USPS tracking receipt showing that the service of process was "Delivered, Left with Individual." (ECF No. 17-1, PageID #963). As a result, in lieu of the Magistrate Judge and the Court's findings that the service of process attempted by Plaintiffs was not made in a manner reasonably calculated to apprise Defendant of this action, it also does not satisfy the requirements of Ohio Civil Rule of Procedure 4.1(A)(1)(a). Moreover, the fact that service of process was left with an individual with no indication as to who that individual is raises more questions.

Because the Court finds that Plaintiffs have yet to perfect service on Defendant, Defendant is not in default for failing to file an answer or response to the complaint and, as discussed in the prior section, the Court lacks jurisdiction over Defendant and cannot enter default against him. This is an independent and sufficient reason to deny the Default Motion; thus, the Court declines to analyze the Second R&R's findings as to whether personal jurisdiction is lacking notwithstanding the lack of proper service. Once Plaintiffs properly serve Defendant, the Court will address any unresolved issues of personal jurisdiction upon a motion or *sua sponte*, if appropriate.

Accordingly, the Court **OVERRULES** Plaintiffs' objections to the Second R&R and **ADOPTS** the Second R&R, in part. The Default Motion (ECF No. 18) is **DENIED WITHOUT PREJUDICE** for want of prosecution based on a failure to effectuate proper service.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' objections (ECF Nos. 14, 20) are **OVERRULED**. The Court **ADOPTS IN PART** Magistrate Judge Sheperd's First R&R (ECF No. 13) and Second R&R (ECF No. 19), and incorporates them herein by reference. The TRO Motion (ECF No. 12) and Default Motion (ECF No. 18) are **DENIED WITHOUT PREJUDICE**. Plaintiffs shall perfect service on Defendant on or before March 30, 2026.

**IT IS SO ORDERED.**

Date: February 9, 2026

_____
**CHARLES E. FLEMING
UNITED STATES DISTRICT JUDGE**