IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Nathan Rapport, and<br>Radian Industries Inc.,<br><br>    *Plaintiffs*,<br><br>v.<br><br>Michael Chapiro,<br><br>    *Defendant.* | Case No. 1:25-cv-02071-CEF<br><br>Judge Charles E. Fleming<br>Magistrate Judge Sheperd |

**PLAINTIFFS' MOTION TO UNSEAL IMPROPERLY SEALED DOCUMENTS**

Plaintiffs Nathan Rapport and Radian Industries Inc., by and through their undersigned counsel, respectfully move this Court pursuant to the common-law right of public access to judicial records, the First Amendment, and the Northern District of Ohio's Standing Order regarding the sealing of documents, for an order directing the Clerk to unseal certain documents that were sealed without motion, without notice, without particularized findings, and without any party's request. The documents that are the subject of this motion are the motion for alternative service (ECF 10, and its attachments ECF 10-1 to 10-3), the amended motion for alternative service (ECF 11) and the motion for a temporary restraining order (ECF 12, and its attachments ECF 12-1 to 12-4).

## I. INTRODUCTION

The Clerk of Court has sealed multiple documents in this case without any party having filed a motion to seal, without any court order directing sealing of these documents, and without the particularized findings required by Sixth Circuit precedent. Plaintiffs did not request that any of these documents be sealed, and Defendant has yet to make an appearance in this action. No party has identified any interest—let alone a compelling one—that would justify restricting public access to these filings.

1

Plaintiffs have previously raised the improper sealing of documents in prior filings (ECF No. 20 at 1 n.1, 3 n.2), but the Court has not addressed the issue. This motion respectfully requests that the Court order the Clerk to unseal the foregoing improperly sealed documents.

## II. LEGAL STANDARD

The Sixth Circuit has held that there is a "strong presumption in favor of openness" with respect to court records. *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016). The court emphasized that "[t]he public has a strong interest in obtaining the information contained in the court record," that "[o]nly the most compelling reasons can justify non-disclosure of judicial records," and that "even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason." *Id*. The court also noted that "secrecy insulates the participants, masking impropriety, obscuring incompetence, and concealing corruption." *Id*.

The Sixth Circuit in *Shane Group* further held that "a district court that chooses to seal court records must set forth specific findings and conclusions 'which justify nondisclosure to the public'," and that "[t]he proponent of sealing therefore must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Id*. The Northern District of Ohio's Standing Order on sealing is also consistent with this policy. For the sealed documents at issue in this action, no such motion to seal was filed, and the court has not set forth any specific findings, reasons, or conclusions that justify nondisclosure to the public.

## III. ARGUMENT

None of the documents sealed in this case were sealed pursuant to a motion by any party or a reasoned order of the Court. No party has identified any compelling interest that would justify

restricting public access. The Clerk appears to have sealed these documents unilaterally, without any legal basis for doing so.

The following documents were improperly sealed by the Clerk and should be unsealed:

**1. PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND INCORPORATED MEMORANDUM OF LAW (ECF 12).** This filing is a legal brief seeking *ex parte*[1] injunctive relief under Fed. R. Civ. P. 65(b), the Defend Trade Secrets Act (18 U.S.C. § 1836(b)), and the Lanham Act (15 U.S.C. § 1125(a)). It contains Plaintiffs' legal arguments, case citations, and factual allegations regarding Defendant's ongoing theft, unauthorized commercialization, and unauthorized dissemination of Plaintiff Rapport's ITAR-controlled defense articles, which are technologies classified under Category XII(e) of the United States Munitions List, to unauthorized third parties including foreign defense ministries.

The motion demonstrates that these acts constitute ongoing and (by definition) immediate irreparable harm: each day that Defendant continues to possess, commercialize, and disclose Plaintiffs' export-controlled defense technology without authorization, the harm compounds and becomes progressively less remediable, as the unauthorized disclosures of defense articles cannot be undone once made.

The motion further alleges ongoing: misappropriation of trade secrets, false designation of origin, breaches of non-disclosure and non-compete agreements, and unauthorized operation of Plaintiffs' website; all of which are causing immediate and irreparable harm. It addresses all four

---

[1] *Ex parte* is Latin for "from one party," meaning that it refers to actions, hearings, or orders requested by one party without the presence or knowledge of the opposing party. Hence, *ex parte* TRO requests, including in the Sixth Circuit, are frequently issued in the absence of any Rule 4 notice; rather, Rule 65 governs. For example, in *Rover v. Kanzigg*, the gas company Rover Pipeline sought and promptly received a TRO that allowed it to cut trees down on multiple properties without serving or otherwise notifying the landowners. *See Rover Pipeline LLC v. Kanzigg*, No. 2:17-cv-00105, Doc. 813 (S.D. Ohio Mar. 26, 2019) (Marbley, J.).

preliminary injunction factors and requests narrowly tailored relief seeking to preserve the *status quo*.

The motion contains no classified information, no trade secrets, and no material warranting protection from public access. It is a standard legal brief setting forth Plaintiffs' claims and the basis for emergency relief. There is no legitimate basis for its sealing.

**2. DECLARATION OF NATHAN RAPPORT IN SUPPORT OF PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER (ECF 12-2).** This is a sworn declaration executed under penalty of perjury providing the factual foundation for Plaintiffs' TRO motion. The declarant, Plaintiff Rapport, attests to his sole inventorship of the Artifact (a patent-pending inertial navigation technology) and the Vacuustat (U.S. Patent 10,625,842 B2), and provides firsthand testimony that the Artifact constitutes a defense article under 22 C.F.R. § 120.6 of ITAR based on empirical testing demonstrating performance exceeding the thresholds specified in USML Category XII(e)(12)(ii).

The declaration details Defendant's ongoing theft, unauthorized commercialization, and unauthorized dissemination of these ITAR-controlled technologies, including documented outreach to the Argentine Ministry of Defense, public statements indicating intent to manufacture weapons abroad, recruitment of photonics engineers capable of reconstructing Plaintiffs' technology, false designation of origin in federal contracting submissions, and probable fraudulent minority self-certification in government databases.

The declaration further establishes the factual basis for ongoing and immediate irreparable harm—including harm to national security from the continued unauthorized possession and foreign dissemination of defense articles—that cannot be remedied through monetary damages. The document is a standard sworn declaration in support of a motion; it contains no classified

4

information or trade secrets warranting protection from public access, and there is no legitimate basis for its sealing.

**3. [PROPOSED] TEMPORARY RESTRAINING ORDER (EX PARTE) (ECF 12-1).**
This is a proposed order submitted for the Court's consideration in connection with Plaintiffs' TRO motion. The proposed order, if entered, would: (1) prohibit Defendant from accessing, using, copying, disclosing, or transmitting any of Plaintiffs' confidential materials, including ITAR-controlled technical data relating to the Artifact and Vacuustat technologies; (2) enforce the non-compete provisions of the Founders Agreement by prohibiting Defendant from engaging in any business involving Plaintiffs' proprietary technologies; (3) prohibit Defendant from exporting, marketing, or communicating with foreign governments or entities regarding weapons, guidance systems, or technologies derived from Plaintiffs' confidential materials; (4) require Defendant to either post a public notice on the radianindustries.com domain or provide Plaintiffs access to do so; (5) require preservation of all electronic evidence; and (6) set a preliminary injunction hearing at the earliest practicable date.

The proposed order is narrowly tailored, time-limited to fourteen days under Rule 65(b), and conditioned on a nominal bond. It is a standard proposed order of the type routinely submitted with TRO motions. It contains no classified information or trade secrets and there is no legitimate basis for its sealing.

**4. EXHIBIT C7: OCTOBER POSTS (ECF 12-3).** This exhibit is a compilation of Defendant Chapiro's public social media posts from August through October 2025, submitted in support of Plaintiffs' sworn declaration and TRO motion. The exhibit documents Defendant's own public statements regarding: foreign arms sales agreements and deposits from foreign countries[2] [3],

---

[2] https://archive.ph/OkacM
[3] https://archive.ph/LU2JE

for example, "socializing weapons concepts in the Pentagon and foreign procurement offices"[4]; plans to build hypersonics startups in Argentina[5] and acquire foreign weapons engineers[6]; stated intent to manufacture weapons in Argentina for use in El Salvador to "take control throughout Central America"[7]; plans to establish missile factories in Eastern Europe[8], the Baltics[9], and Poland[10]; public claims to be the sole inventor of vacuum balloon technology[11] (which is Plaintiff Rapport's patented invention); active recruitment of photonics engineers and materials scientists[12]—specializations directly relevant to reconstructing Plaintiff's Artifact technology; angel investment in Bohr Systems, a navigation company for "Military Drones in GPS-Denied Environments," in direct violation of the Founders Agreement non-compete; and a lengthy public essay[13] articulating an explicit strategy for circumventing ITAR export controls by directing foreign engineers to replicate controlled designs.[14]

These are Defendant's own public statements, made on his own social media account, documenting ongoing and immediate irreparable harm to both Plaintiff and to national security. The exhibit contains no classified information or trade secrets; it consists entirely of publicly available social media screenshots with archived URLs. There is no legitimate basis for its sealing.

**5. EXHIBIT WEBSITE NOTICE ATTACHMENT TO PROPOSED ORDER (ECF 12-1).** This exhibit contains the HTML source code of a notice that Plaintiffs proposed be placed on the Radian Industries website (radianindustries.com), which Defendant continues to operate

---

[4] https://archive.ph/kMNN3
[5] https://archive.ph/5Ejxx
[6] https://archive.ph/wQsG0
[7] https://archive.ph/bOfpH
[8] https://archive.ph/Rv1IU
[9] https://archive.ph/S1E4G
[10] https://archive.ph/OqwZs
[11] https://archive.ph/R1wMp
[12] https://archive.ph/8zQNh
[13] https://archive.ph/yqxjg
[14] https://archive.ph/REQ4o

without authorization following the company's dissolution. This document is relevant to Plaintiffs' Lanham Act claims regarding false designation of origin and unauthorized use of Plaintiffs' corporate identity. It contains no classified information or trade secrets and there is no legitimate basis for its sealing.

**6. PLAINTIFFS' MOTION FOR ALTERNATE SERVICE (ECF 10).** This motion seeks court authorization for alternative service of process by email and other electronic means under Fed. R. Civ. P. 4(e)(1) and 4(f)(3). The motion documents Plaintiffs' diligent efforts to serve Defendant through conventional means: counsel mailed the Summons and Complaint via certified mail to Defendant's business address of record; a professional skip trace was conducted; and the address on file was determined to be a private mailbox facility.

The motion details evidence that Defendant has actual notice of the lawsuit and is willfully evading service. Defendant proactively contacted Plaintiffs' counsel on October 14, 2025 regarding the pending Complaint. Defendant's counsel acknowledged receipt of the Summons and Complaint on October 21, and both Defendant and his counsel refused to provide a service address or execute a waiver of service under Rule 4(d).

The motion also documents that Defendant's counsel, Zack Shapiro of Rains LLP, sent unsolicited communications to Plaintiffs' counsel accusing him of "name-renting" and ethics violations, apparently to discourage representation and delay service. The motion cites *Rio Properties, Inc. v. Rio Int'l Interlink* (9th Cir. 2002) and *Snyder v. Alternate Energy Inc.* for the proposition that email service satisfies due process when traditional means are impracticable and the defendant has demonstrated actual notice.

7

This is a standard procedural motion containing no classified information, no trade secrets, and no material warranting protection from public access. There is no legitimate basis for its sealing.

**7. EXHIBIT A: SERVICE OF PROCESS (ECF 10-1).** This exhibit compiles documentary evidence related to Plaintiffs' efforts to serve Defendant and Defendant's demonstrated actual notice of the lawsuit. The exhibit contains two categories of evidence: (1) documentation of Plaintiffs' efforts to serve the Summons and Complaint, including certified mail records and related correspondence; and (2) evidence of Defendant Chapiro's actual notice, including images of Defendant's direct email communications with Plaintiffs' counsel regarding the pending lawsuit, and communications from Defendant's counsel Zack Shapiro of Rains LLP acknowledging receipt of the Summons and Complaint while refusing to accept or facilitate service.

This exhibit consists entirely of service-related correspondence and mailing records. It contains no classified information, no trade secrets, and no material warranting protection from public access. There is no legitimate basis for its sealing.

**8. DECLARATION OF MICHAEL W. VARY, ESQ. (ECF 10-2)** This is a sworn declaration by Plaintiffs' counsel submitted pursuant to Rule 65(b)(1)(B) in support of the TRO motion. Attorney Vary attests to the following: he mailed the Summons, Complaint, and all unsealed exhibits via certified mail to Defendant's business address of record at 300 Lenora St., #787, Seattle, WA 98121 on October 7, 2025; USPS did not return the mailing as undeliverable and the return-receipt card was returned; he retained a professional process server who determined that the address is a private mailbox facility; he authorized a professional skip trace; Defendant proactively contacted counsel on October 14, 2025 from michael@machcap.com, demonstrating

actual notice of the lawsuit; counsel sent a formal Rule 4(d) waiver request on October 20, 2025, which Defendant ignored; and Defendant's counsel Zack Shapiro of Rains LLP acknowledged possession of the Summons and Complaint while refusing to accept or facilitate service. The declaration establishes that Defendant is willfully evading service.

This is a standard attorney declaration of the type routinely filed in support of TRO motions and alternative service requests. It contains no classified information, no trade secrets, and no material warranting protection from public access. There is no legitimate basis for its sealing.

### 9. PLAINTIFFS' AMENDED MOTION FOR ALTERNATE SERVICE (ECF 11).

This motion and supporting memorandum replaces the Motion and supporting memorandum (ECF 10) to clarify that the principal relief requested, specifically, that the Court authorize alternative service pursuant to Fed. R. Civ. P. 4(f)(3), including by email to `michael@machcap.com`, or `mrchapiro@gmail.com`, or by posting to social media or other electronic means reasonably calculated to provide notice, is requested pursuant to Rule 4(f)(3) and that other appropriate relief requested pursuant to Rule 4(e)(1) be considered in the alternative only.

All of the foregoing arguments with respect to the original motion (ECF 10), discussed *supra*, apply with equal force to the replacement motion (ECF 11).

### IV. CONCLUSIONS

None of the foregoing documents contain classified information, trade secrets, or other material warranting protection from public access. The wholesale sealing of motions, declarations, and other substantive filings is not justified and contravenes both the Court's Standing Order and Sixth Circuit precedent.

The improper sealing of Plaintiffs' substantive filings—including Plaintiffs' motion for a temporary restraining order and its accompanying exhibits—is particularly prejudicial. The motion

9

for a TRO contains Plaintiffs' legal arguments, factual allegations regarding ongoing misappropriation of export-controlled defense technology, and the basis for emergency relief. There is no legitimate reason to shield a party's legal brief from public view. The effect of the seal is to prevent public scrutiny of both Plaintiffs' allegations and the Court's handling of those allegations, which is precisely the harm that the presumption of public access is designed to prevent.

The public has a heightened interest in judicial records that involve the compromise of U.S. export-controlled technology and national security. Where, as here, documents have been sealed without any request from the parties, without any findings by the Court, and without any apparent legal basis, the seal must be lifted.

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an order directing the Clerk to unseal all improperly sealed documents in this case.

Dated: February 12, 2026

Respectfully Submitted,

*/s/ Michael W. Vary*

Michael W. Vary, Ohio Reg. 33,789
Counsel for Plaintiffs
17710 Westview Drive
Bainbridge, Ohio 44023
vary.michael@gmail.com
216-496-3429

10

# [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO UNSEAL IMPROPERLY SEALED DOCUMENTS

This matter comes before the Court on Plaintiffs' Motion to Unseal Improperly Sealed Documents. The Court, having reviewed the motion and the record, and for good cause shown, finds that the documents identified therein should be unsealed.

Accordingly, it is hereby ORDERED that:

1. Plaintiffs' Motion for Alternative Service (ECF 10), and all exhibits and/or attachments thereto, shall be UNSEALED.

2. Plaintiffs' Amended Motion for Alternative Service (ECF 11), and all exhibits and/or attachments thereto, shall be UNSEALED.

3. Plaintiffs' Motion for Temporary Restraining Order (ECF 12), and all exhibits and/or attachments thereto, shall be UNSEALED.

The Clerk of Court is directed to remove the seal from the foregoing entries forthwith.

IT IS SO ORDERED.


Date: _____

Hon. _____
United States Magistrate Judge

**Certificate of Service**

The undersigned hereby certifies that on February 12, 2026, I caused a true and correct copy of Plaintiffs' Motion to Unseal Improperly Sealed Documents along with the proposed order to be served on Defendant Michael Chapiro by electronic mail at michael@machcap.com.

Plaintiffs maintain that service of process was perfected on November 8, 2025, and that Defendant is in default for failure to appear. Accordingly, no service of this motion is required under Fed. R. Civ. P. 5(a)(2). Nevertheless, Plaintiffs have provided notice of this filing to Defendant by email.

Service is made by email for the purposes of providing notice of this filing and without prejudice to Plaintiffs, or to Plaintiffs' pending or future request for authorization of alternative service of the summons and complaint under Rule 4, Federal Rules of Civil Procedure.

*/s/ Michael W. Vary*

Michael W. Vary