IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Nathan Rapport, and<br>Radian Industries Inc.,<br><br>  *Plaintiffs*,<br><br>v.<br><br>Michael Chapiro,<br><br>  *Defendant.* | Case No. 1:25-cv-02071-CEF<br><br>Judge Charles E. Fleming<br>Magistrate Judge Sheperd |

**PLAINTIFFS' RENEWED MOTION FOR ALTERNATIVE SERVICE**

Plaintiffs Nathan Rapport and Radian Industries Inc., by and through their undersigned counsel, respectfully renew their request that the Court authorize alternative service, pursuant to Rules 4(f)(3) and 4(e)(1), Fed. R. Civ. P.  Plaintiffs submit that email service is appropriate under Rule 4(f)(3), but in the alternative, publication is appropriate under Rule 4(e)(1), Fed. R. Civ. P. This motion is necessary because Plaintiffs know of no other home or business address for Michael Chapiro, and the Court previously has ruled that attempted service by Clerk's certified mail pursuant Rule 4 and Local Rule 4.2 was not effective. (ECF 19, 21).  This motion is also based in part on newly obtained evidence confirming Defendant's receipt of the Summons and Complaint by email on October 20, 2025.

**I. Background**

The Court's February 9, 2026 Order (ECF No. 21) held that service has not been perfected because: (1) "Plaintiffs have provided no return receipt that was signed by any individual" (ECF 21 p. 11)[1], only an electronic confirmation by USPS; (2) the Seattle address used for service does not appear to be "of the type where Chapiro maintains a 'highly continual and repeated physical presence'", because it corresponds to a private mailbox service and Chapiro cannot physically

---

[1] However, although Plaintiffs do not claim that their independent October 7 mailing via certified mail to the Lenora address fully satisfied Local Rule 4, a return receipt was received in that instance. Notwithstanding that, by Fed. R. Civ. P. 4(l)(3), the lack of a return receipt does not affect the validity of service, and Ohio rules do not supersede federal rules.

reside or work there (ECF 21 p. 9); (3) "[Plaintiffs] provide no evidence of Defendant's ownership of AHE" (ECF No. 21 p. 10)[2]; (4) "the allegations that AHE conducted business with Plaintiffs at the time of the complaint does not mean that AHE is still active or currently using the Lenora Street address" (ECF No. 21. p. 10);[3] therefore, the record does not establish that the attempted service at the Seattle address satisfies the Ohio Rule of Civil Procedure 4.1(A)(1)(a).

The Court's February 9 Order effectively held that Plaintiffs cannot affect service upon the only known mailing address for Defendant. In particular, the Court has adopted a standard, derived from *Hall v. Silver* (ECF No. 21 p. 7) ("which the Court adopts fully"), under which Plaintiffs must establish that Defendant maintains a "highly continual and repeated physical presence" (ECF No. 21 p. 8) at the Lenora Street address, and has found that Defendant does not maintain such a presence because, as the Court noted in its prior order, the address is a private mailbox service. So long as the Court maintains these positions—and without waiving Plaintiffs' view that service by mail was perfected on November 8, 2025—Plaintiffs are effectively foreclosed from curing service by utilizing any traditional method of delivery to the Lenora Street address to satisfy rules of proper service.  The Lenora Street address is the only address known to Plaintiffs at which Michael Chapiro uses regular mail service. (Supplemental Sworn Declaration of Michael W. Vary, Esq., Para. 4, Exh. C hereto.)

Because the Plaintiffs are foreclosed from curing service utilizing the Lenora Street address, and know of no other residence or business address for Mr. Chapiro (*Id.*), Plaintiffs renew their

---

[2] For the record, exhibits to the Complaint contradict this point. A transaction (Compl. Exh. D1 p. 1, ECF 2-10, ID 337) on April 29, 2025 initiated by Chapiro reads, "FROM ADVANCED HUMAN ENGINEERING, LLC VIA MERCURY.COM AFFILIATED COMPANY CONTROLLED BY MYSELF PROVIDING ENGINEERING SERVICES".  A screenshot (figure 33) and link are provided from the official U.S. Department of Defense CAGE database entry for Advanced Human Engineering, LLC (CAGE Code 8RHQ5), showing Michael Chapiro as the primary point of contact and listing https://getchroma.co as the company's official website. (Compl. Exh. E1 p. 24, ECF No. 2-13, ID 415). Defendant's LinkedIn profile lists him as "Founder & Chairman" of Chroma from 2019 to present, meaning that AHE LLC d.b.a. Chroma is presently operating; this is also verifiable by their public website. (Compl. Exh. A3 ECF No. 2-3, ID 200).

[3] For the record, exhibits to the Complaint also contradict this point.  A screenshot of attribution text (figure 32) from the bottom of Chroma's website https://getchroma.co/, identifying Advanced Human Engineering, LLC as the company operating Chroma. (Compl. Exh. E1 p. 24, ECF No. 2-13, ID 415).  Additionally, GLEIF data lists the business entity status as "Active" and indicates that Defendant has used the Lenora address for AHE for at least five years.  https://lei.info/254900GZSQKHHN8TG097.

motion for alternative service by email or publication. To this end, Plaintiffs now submit additional evidence relevant to whether email is reliably calculated to reach Defendant.

**II. Email Correspondence and New Evidence Confirming Receipt by Email**

On October 14, 2025, Defendant contacted Plaintiffs' counsel *via* email concerning the pending Complaint (Exh. A, p. 3). Defendant's written correspondence was transmitted from a known email address (michael@machcap.com) linked to his personal website (www.machcap.com). In his email, Defendant opined on attorney Vary's use of a Gmail domain for his email and on the merits of this case, writing, "Given your use of a gmail account as a supposed professional attorney, you must not be very good -- taking on frivolous, poorly structured cases of deranged clients." Defendant also demonstrated legal sophistication and familiarity with elements of dispute in Plaintiffs' complaint—writing, "Your client has engaged in an unlawful dissolution of a corporation, breach of contract, and felony theft in excess of $10,000 in real property, among other damages." Defendant proceeded to advocate his own legal theory of events, and continued, "If you are knowingly engaged in a bad-faith lawsuit, would you be liable if I have to bring a countersuit to get you mosquitos to go away?" This demonstrates that Defendant is fully aware of Plaintiffs' lawsuit, and is sufficiently legally sophisticated to threaten a countersuit.

On October 20, 2025, Plaintiffs' counsel responded to Defendant's outreach and requested that Defendant either provide an address for receipt of pleadings or agree to waive service. (Exh. A, p.4). Defendant declined to do either, despite corresponding with Plaintiffs' counsel hours earlier. (Exh. A, p.5).

On October 20, 2025, Plaintiffs' counsel transmitted by email to Defendant at michael@machcap.com the Summons, Complaint, and related service documents. (Exh. A, p.6).

On October 21, 2025, Mr. Zack Shapiro of Rains LLP contacted Plaintiffs' counsel by phone and email, and acknowledged receipt of the Complaint.  (Because Plaintiffs had no prior communications with Mr. Shapiro, it is apparent that Mr. Shapiro received his copy of the Complaints and exhibits from Mr. Chapiro.)  He further indicated his awareness of the pleadings by

3

expressing his baseless opinion that Plaintiffs' counsel is "putting [his] name on a matter that is just pro se in disguise" and suggesting that Plaintiffs' counsel "… are unfamiliar with the factual and legal claims" of this action (Exh. A, p.8).

On February 12, 2026, Mr. Shapiro sent an email to Plaintiff Rapport (Exh. D, p.7) confirming that he represents Defendant as corporate counsel ("I am Mr. Chapiro's corporate counsel."), acknowledging that he received the filing prior to his October 21 call to Mr. Vary, that he reviewed the filing when he received it and formed legal opinions regarding its merits, and that he refused to either provide an address or waive service at that time, writing, "There is no rule — and your [attorney grievance complaint] doesn't identify one — requiring an attorney to accept service, waive service, or provide client addresses …".[4]

The foregoing evidence establishes that Defendant received the Summons and Complaint transmitted by email on October 20, 2025, provided them to his counsel for review. Both Chapiro and his counsel were apprised of this action, both opined on the merits of this case ("frivolous", "malicious", "just pro se in disguise", "raises obvious Rule 11 concerns"), and both willfully declined to accept or waive service. Therefore, Defendant Chapiro and his counsel made a deliberate decision to risk default in this case rather than to enter an appearance and defend this case, a posture not typically associated with a party confident in prevailing on the merits.

**III. The Circumstances of the Case Warrant Alternative Service**

The constitutional standard for service is whether the methods used are reasonably calculated to provide notice and an opportunity to respond. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950).

---

[4] Likewise, Plaintiffs recognize there is no rule requiring a defendant to accept service, waive service, or provide an address either. A defendant may deliberately choose to risk default rather than appear. Given the posture that Defendant Chapiro is taking, and the body of communications from Mr. Chapiro and his counsel, this Court could reasonably conclude that Defendant Chapiro was properly informed of the contents of the pleadings and the consequences of default.

**A. Service by Email under Rule 4(f)(3)**

Under Rule 4(f)(3), courts in this district have approved email service by email as an effective method where reasonable diligence to effect service by traditional means has failed and email is reasonably calculated to provide actual notice. Moreover, in circumstances that parallel the circumstances of this case, Rule 4(f)(3) has been applied where a defendant's whereabouts are unknown, but the possibility of foreign residence exists. For example, in *GeLab Cosmetics LLC v. DeRhodes*, Judge Benita Pearson of this Court encountered a similarly evasive defendant whose location—domestic or international—was unknown. *GeLab Cosmetics LLC v. DeRhodes*, No. 4:25-cv-01234-BYP (N.D. Ohio Oct. 21, 2025) (Pearson, J., Exh.E). By authorizing email service where the defendant concealed his address, Judge Pearson approved a method that satisfied due process regardless of that defendant's actual residence.

Likewise, in *Noco Co. v. Zhejiang. Quingyou Elec. Com. Co.*, the court authorized email service for a known foreign defendant under Rule 4(f)(3). *Noco Co. v. Zhejiang. Quingyou Elec. Com. Co.* 338 F.R.D. 100, 104 (N.D. Ohio 2021). In particular, in *Noco Co.*, this Court found that "electronic service is not prohibited by the Hague convention and is permitted when the defendant's business takes place online and the defendant has provided an incomplete or incorrect physical address." These factual predicates correspond precisely to the case at hand: Defendant Chapiro's business (Advanced Human Engineering LLC, d.b.a. Chroma) is online, and Defendant has not provided a physical address; only a private mailbox.[5]

Similarly, other federal courts have recognized service by email as an effective method where reasonable diligence to effect service by traditional means has failed and email is reasonably calculated to provide actual notice. *See Snyder v. Alternate Energy Inc.*, 19 Misc. 3d 954, 857 N.Y.S.2d 442 (N.Y. Civ. Ct. 2008) (authorizing service of process via email on a domestic

---

[5] Similarly, in *Popular Enters., LLC v. Webcom Media Group, Inc.*, 225 F.R.D. 560 (E.D. Tenn. 2004), a district court within this Circuit authorized service by email under 4(f)(3) after service to the only known mailing addresses failed, and service by email was considered perfected on the grounds that an email was transmitted and there was no indication of a delivery failure.

defendant after repeated failed attempts at personal and mail service, holding that email service satisfied due process requirements because it was reasonably calculated to apprise the defendant of the action); *Skullcandy, Inc. v. Sterling*, No. 2:19-cv-00424-TS (D. Utah July 13, 2019) (authorizing service of process via Amazon.com's electronic messaging system under Fed. R. Civ. P. 4(e)(1) and N.Y. C.P.L.R. 308, after multiple failed attempts at personal service, finding electronic service reasonably calculated to provide notice); *Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007 (9th Cir. 2002) (after failing to effect service by mail, the Court authorized service by email, noting that "service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.'").

Collectively, the foregoing cases establish that this Court has the authority under 4(f)(3) to authorize service by email as the method most reasonably calculated to provide actual notice. Under the framework of Rule 4, Fed. R. Civ. P., courts may authorize service by e-mail or other reliable electronic means when: (1) The plaintiff has made diligent efforts to serve the defendant through traditional means; (2) the defendant's physical address is unknown, making traditional service unsuccessful or impracticable; and (3) the proposed method is reasonably calculated to give actual notice and an opportunity to respond.

Recent Internet searches for Mr. Chapiro's whereabouts reveal that Defendant continuously traveled across multiple foreign jurisdictions—including Canada, Mexico, El Salvador, Argentina, and the United Kingdom—during the period of Plaintiffs' attempted service, and support the likelihood that Defendant currently has no permanent residence. (Vary Supplemental Decl., Exh. C, para. 4). Thus, although Defendant's exact physical whereabouts may be unknown, his movements demonstrate that he was abroad during the service period and establish that he is very likely abroad at present; this further supports the applicability of Rule 4(f)(3), which does not require domicile or citizenship in foreign countries, but merely a lack of conflict with international agreement—in particular, the Hague Convention, which does not apply when the address of the individual to be served is unknown. *Hague Convention on Service Abroad of Judicial and Extrajudicial Documents*,

art. 1, Apr. 24, 1967, 20 U.S.T 361 ("This Convention shall not apply where the address of the person to be served with the document is not known.").

Defendant here has actively used his email address to correspond with Plaintiffs' counsel, while simultaneously evading formal service by refusing to provide a physical address or to execute a waiver. As with *GeLab*, such circumstances justify authorizing alternative service by email as a method reasonably calculated to provide actual notice.

Should the Court grant Plaintiffs' renewed motion for service by email under Rule 4(f)(3), this Court is further requested to recognize the accomplished service *nunc pro tunc* as having satisfied the process requirements, and recognize that time for response has expired. Here, the record establishes that Defendant received the Summons and Complaint by email, forwarded them to his counsel, and that his counsel reviewed them. Under these circumstances, Plaintiffs respectfully submit that the October 20, 2025 email transmission satisfied due process and should be deemed effective service.

On the other hand, should the Court deny Plaintiffs' renewed motion for service by email under Rule 4(f)(3), service by publication is requested under Rule 4(e)(1) and Ohio's procedural rule Ohio Civ. R. 4.4(A)(1) as an alternative remedy.

**B. Service by Publication under Rule 4(e)(1)**

Fed. R. Civ. P. 4(e) also governs service of individuals within the United States. Rule 4(e)(1) allows service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located." At the same time, federal courts retain inherent authority under Rule 4(e) and the Due Process Clause to authorize alternative means of service when traditional methods prove impracticable and the proposed method is reasonably calculated to provide actual notice. *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) ("An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to

apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.").

If the Defendant is within the United States but at an unknown location, Rule 4(e)(1) allows service by "following state law," which in turn permits courts to authorize alternative means of service when necessary. Rule 4(e)(1) permits this Court to borrow Ohio's procedural rules. Ohio Civ. R. 4.4(A)(1) authorizes service by publication when the defendant's residence cannot be discovered with reasonable diligence. Plaintiffs respectfully direct the Court's attention to the October 28 Declaration of Michael W. Vary, Esq. (Exh. B) and the Supplemental Declaration of Michael W. Vary, Esq. (Exh. C) and the Exhibits referred to therein, which Plaintiff maintain satisfy the requirements of the affidavit under Ohio R. Civ. P. 4.4(A)(1) and hence Rule 4(e)(1), Fed. R. Civ. P.

### IV. Conclusion

For the foregoing reasons, Plaintiffs respectfully request that this Court enter an order:

(1) Authorizing service by email and ruling that the October 20, 2025 email transmission of the Summons, Complaint, and exhibits by Plaintiffs' counsel to Defendant at michael@machcap.com constituted effective service of process under Fed. R. Civ. P. 4(e); and

(2) Finding that Defendant's time to answer or otherwise respond has expired and direct the Clerk to enter default pursuant to Fed. R. Civ. P. 55(a); or

(3) In the alternative, authorize service by publication pursuant to Ohio Rule of Civil Procedure 4.4(A) and Fed. R. Civ. P. 4(e), and extend the deadline for perfecting service to allow sufficient time (an extension by at least 60 days) to comply with the publication requirements of Ohio Rule of Civil Procedure 4.4(A), which requires publication once a week for six consecutive weeks.

Dated: February 18, 2026

                                          Respectfully Submitted,

                                          */s/ Michael W. Vary*
                                          Michael W. Vary, Ohio Reg. 33,789
                                          Counsel for Plaintiffs
                                          17710 Westview Drive
                                          Bainbridge, Ohio 44023
                                          vary.michael@gmail.com
                                          216-496-3429

# [PROPOSED] ORDER GRANTING PLAINTIFFS' RENEWED MOTION FOR ALTERNATIVE SERVICE

This matter comes before the Court on Plaintiffs' Renewed Motion for Alternative Service. The Court, having reviewed the motion, the exhibits, and the record, and for good cause shown, finds as follows:

Plaintiffs' motion for alternative service is granted under Rule 4(f)(3) Fed. R. Civ. P. and Plaintiffs are authorized to serve Defendant by email at michael@machcap.com as a method reasonably calculated to apprise Defendant of this litigation.

The record establishes that Defendant Michael Chapiro received actual notice of Plaintiffs' action no later than October 14, 2025, and that Plaintiffs' counsel transmitted the Summons, Complaint, and all unsealed exhibits to Defendant by email at michael@machcap.com on October 20, 2025. The record further establishes that Defendant received this transmission and provided the documents to his corporate counsel, Zack Shapiro of Rains LLP, who reviewed them and contacted Plaintiffs' counsel on October 21, 2025, acknowledging receipt. Mr. Shapiro reconfirmed both his representation of Defendant and his review of the filing in a written communication dated February 12, 2026.

In these circumstances, the Court finds that the October 20, 2025 email transmission satisfies the requirements of due process and constituted effective service of process on Defendant.

Accordingly, it is hereby ORDERED that:

1. The email transmission of the Summons, Complaint, and exhibits by Plaintiffs' counsel to Defendant at michael@machcap.com on October 20, 2025 is hereby deemed service of process on Defendant Michael Chapiro as of that date.

  2. Defendant's time to answer or otherwise respond to the Complaint expired on November 10, 2025, twenty-one (21) days after service was affected.

  3. The Clerk of Court is directed to enter default against Defendant Michael Chapiro pursuant to Fed. R. Civ. P. 55(a) for failure to plead or otherwise defend.

IT IS SO ORDERED.

Date: _____

Hon. _____
United States District Judge

**Certificate of Service**

The undersigned hereby certifies that on February 18, 2026, I caused a true and correct copy of Plaintiffs' Renewed Motion for Alternative Service along with its accompanying exhibits and the proposed order to be served on Defendant Michael Chapiro by electronic mail at michael@machcap.com.

Plaintiffs maintain that service of process was perfected on October 20, 2025, or alternatively on November 8, 2025, and that Defendant is in default for failure to appear. Accordingly, no service of this motion is required under Fed. R. Civ. P. 5(a)(2).

Nevertheless, Plaintiffs have provided notice of this filing to Defendant by email. Service is made by email for the purposes of providing notice of this filing and without prejudice to Plaintiffs, or to Plaintiffs' pending or future motions.

*/s/ Michael W. Vary*

Michael W. Vary