IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Nathan Rapport, and<br>Radian Industries Inc., | ) <br> ) | Case No. 1:25-cv-02071-CEF |
| Plaintiffs, | ) <br> ) | Judge Charles E. Fleming |
| v. | ) <br> ) | |
| Michael Chapiro, | ) <br> ) | |
| Defendant. | ) <br> ) | |

**SWORN DECLARATION OF MICHAEL W. VARY, ESQ.**

**Exhibit B to the Motion**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Nathan Rapport, and<br>Radian Industries Inc.,<br><br>　　　*Plaintiffs*,<br><br>v.<br><br>Michael Chapiro,<br><br>　　　*Defendant*. | ) Case No. 1:25-cv-02071-CEF<br>)<br>) Judge Charles E. Fleming<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### SWORN DECLARATION OF MICHAEL W. VARY, ESQ.

1. I, Michael W. Vary, pursuant to Rule 4(e)(1) and Rule 4(f)(3) hereby submit this sworn declaration in support of a motion for an Order providing for alternative service of Defendant Michael Chapiro under Rule 4(e)(1) and Rule 4(f)(3), Fed. R. Civ. P. I represent Plaintiffs in this action. I verily believe the following statements to be accurate to the best of my knowledge, and understand that willful false statements may be prosecuted for perjury under 18 U.S.C. § 1623.

2. All of the documents attached as a collection in Exhibit A appended to the Motion are true and accurate copies of documents I have received or transmitted, and for which I have first-hand knowledge. I maintain they are admissible under applicable Federal Rules of Evidence.

3. On October 7, I mailed the Summons and Complaint and all the unsealed Exhibits via certified mail to Defendant's business address of record (300 Lenora St., #787, Seattle, WA 98121). USPS did not return the mailing as undeliverable, but the accompanying return-receipt card was returned to me unsigned and undated (see Exhibit A — Service of Process).

This indicates to me that the mailing was delivered to Defendant's private mailbox and retrieved without acknowledgment.

4. On my clients' behalf, I also hired a professional process server who determined that the address Defendant Chapiro listed in corporate filings (300 Lenora Street #787, Seattle, WA 98121) is a private mailbox facility. I also authorized a professional skip trace which was conducted with no verifiable residential or business address located for the Defendant. The professional process server was thus unsuccessful in formally serving process upon Defendant in this case.

5. On October 14, 2025, Defendant contacted (via email) me concerning the pending Complaint (see Exhibit A — Service of Process). Defendant's written correspondence was transmitted from a known email address (michael@machcap.com) linked to his personal website (www.machcap.com). In his email, Defendant wrote, "If you are knowingly engaged in a bad-faith lawsuit, would you be liable if I have to bring a countersuit to get you mosquitos to go away?" Based on this contact and email, I believe that Defendant is fully aware of the filing and content of Plaintiff's lawsuit.

6. On October 20, 2025, I responded to the October 14, email and requested that Defendant either provide an address for receipt of pleadings or agree to waive service. Defendant declined to do either, and as of the filing date of the associated motion, has failed to provide any further answer to this request.

7. Five hours later on October 20, 2025, I again emailed Defendant at michael@machcap.com, sending a formal Request to Waive Service of Summons pursuant to Federal Rule of Civil Procedure 4(d). The message included: the Complaint, with unsealed exhibits attached; the Summons; the Notice of Lawsuit and Request to Waive

Service (AO 398); and the Waiver of Service of Summons (AO 399). Additionally, the email explained that signing and returning the waiver would not constitute an admission of liability but would avoid the need for formal service and, further, that costs might be imposed by the Court under Rule 4(d)(2). The email requested that Defendant return the executed waiver within 30 days, and indicated that he could do so electronically.

8. Defendant demonstrated that he was receiving and responding to messages sent to his michael@machcap.com email address less than five hours before I transmitted the formal Rule 4(d) waiver request to that same email address. As of the filing of this motion, Defendant has not responded to the formal request in the second October 20 email, nor has he returned the executed waiver.

9. On October 21, 2025, Mr. Zack Shapiro, managing partner of Rains, LLP, called me acknowledging that he represents Mr. Chapiro in corporate matters and that he had received the Summons, Complaint and Exhibits in the case, obviously having received them from Mr. Michael Chapiro. Mr. Shapiro subsequently refused to either (a) provide a service address for his client or (b) waive or accept service. Mr. Shapiro provided no explanation for his refusals. Rather, in his call with me, Mr. Shapiro questioned the authorship of the Plaintiff's complaint, implying that the undersigned counsel had no involvement. This inquiry appeared solely intended to embarrass or burden me, because Mr. Shapiro confirmed that he did not represent Mr. Chapiro in litigation matters or in this case. Mr. Shapiro even acknowledged that he is not a member of the bar of the State of Ohio, nor is he admitted to practice before the Federal Courts.

10. Thereafter, on October 21, 2025, Mr. Shapiro sent an email to me, accusing me of "name-renting" and multiple ethics violations, apparently for the purpose of trying to discourage me from representing Plaintiff and delaying service (see Exhibit A — Service of Process).

11. These actions occurred while Mr. Shapiro knew his client is evading service and while both Mr. Shapiro and Mr. Chapiro are in possession of the Complaint and Summons.

12. I confirmed Mr. Shapiro's refusals to accept or waive service of the Subpoena and Complaint on behalf of Mr. Chapiro, and further confirmed his failures to justify his refusals in a final email on October 22, 2025 to which Mr. Shapiro has never responded.

Further affiant sayeth naught:

Michael W. Vary, Esq.

Notary Public

Signed before me this 28th day of October, 2025

