IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Nathan Rapport, and<br>Radian Industries Inc., | )<br>) | Case No. 1:25-cv-02071-CEF |
| *Plaintiffs,* | )<br>)<br>) | Judge Charles E. Fleming |
| v. | )<br>) | |
| Michael Chapiro, | )<br>) | |
| *Defendant.* | )<br>) | |

**SUPPLEMENTAL SWORN DECLARATION OF MICHAEL W. VARY, ESQ.**

**Exhibit C to the Motion**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Nathan Rapport, and<br>Radian Industries Inc.,<br><br>*Plaintiffs*,<br><br>v.<br><br>Michael Chapiro,<br><br>*Defendant*. | Case No. 1:25-cv-02071-CEF<br><br>Judge Charles E. Fleming |

## SUPPLEMENTAL SWORN DECLARATION OF MICHAEL W. VARY, ESQ.

1. I, Michael W. Vary, pursuant to Rules 4(e)(1) and 4(f)(3), Fed. R. Civ. P., and Ohio Rule Civ. P. Rule 4.4(A)(1) hereby submit this sworn declaration in support of plaintiffs' renewed motion for an order providing for alternative service upon Defendant Michael Chapiro. I represent Plaintiffs in this action. I verily believe the following statements to be accurate to the best of my knowledge, and understand that willful false statements may be prosecuted for perjury under 18 U.S.C. § 1623. I submit this declaration as a supplement to the sworn declaration of October 28, 2025, (Exhibit B to the renewed Motion), and in further compliance with Ohio Rule Civ. P. Rule 4.4(A)(1) and Rules 4(e)(1) and 4(f)(3), Fed. R. Civ. P.

2. All of the documents attached as collections in Exhibits A and D appended to the renewed Motion are true and accurate copies of documents I have received or transmitted, and for which I have first-hand knowledge. I maintain they are admissible under applicable Federal Rules of Evidence.

3. Based on the report and recommendation of Magistrate Judge Sheperd dated January 9, 2026, which was adopted by the Court in an Order dated February 9, 1926, the Court has

found that Plaintiffs' attempts at service at the Lenora Street address owned by Michael Chapiro have been ineffective, including the attempt that followed the procedure mandated by Local Civil Rule 4.2. When Plaintiffs followed the letter of the mandate of Local Rule 4.2, the package was delivered certified mail to the Lenora Street address, was not returned as undeliverable, but no return receipt has ever been received at the Clerk's office.

4. Despite having hired an expert, and paying for a skip trace analysis, as I described in my October 28, 2025 sworn declaration (Exh. B, para. 4), Plaintiffs have not been able to identify any other business or personal mailing address for the Plaintiff Michael Chapiro. Consequently, service of the complaint (with its exhibits) and summons simply cannot be made because the residence and/or business address of Michael Chapiro is unknown to the plaintiffs. Every possible effort has been made to ascertain the residence and business addresses of Michael Chapiro, which has been unsuccessful. Recently, internet searches of available records associated with Defendant demonstrate his continuous travel across multiple foreign jurisdictions—including Canada, Mexico, El Salvador, Argentina, and the United Kingdom—during the period of Plaintiffs' attempted service. This also supports our view that Defendant likely has no permanent residence.

5. In short, the actual residence of Michael Chapiro cannot be ascertained despite the diligent efforts on the part of Plaintiffs.

Further affiant sayeth naught:

_____
Michael W. Vary, Esq.

_____
Notary Public
Signed before me this 18th day of February, 2026.

