IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Nathan Rapport, and<br>Radian Industries Inc., | )<br>)<br>) | Case No. 1:25-cv-02071-CEF |
| *Plaintiffs,* | )<br>) | Judge Charles E. Fleming |
| v. | )<br>) | |
| Michael Chapiro, | )<br>) | |
| *Defendant.* | )<br>) | |

**OPINON OF JUDGE BENITA PEARSON IN GELAB COSMETICS**

**Exhibit E to the Motion**

PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| GELAB COSMETICS LLC, | ) |
|     Plaintiff, | ) CASE NO. 4:25-CV-01234 |
| | ) |
| v. | ) JUDGE BENITA Y. PEARSON |
| | ) |
| ANN DERHODES, | ) |
| | ) **ORDER** |
|     Defendant. | ) [Resolving ECF No. 41] |
| | ) |

Pending is Plaintiff's Motion for Alternative Service of Process. ECF No. 41. The Court previously ordered Plaintiff to show good cause or have the action dismissed for failure to perfect service. ECF No. 27. Plaintiff timely filed Proof of Service (ECF No. 38) on Defendant and Defendant's attorney filed an appearance (ECF No. 40). Plaintiff then filed the instant motion for alternative service.

**I.**

The Complaint (ECF No. 1) in the above-entitled trademark infringement claim was filed on April 23, 2025. The case at bar arises out of alleged trademark infringement of the beeltesgell.com website, which is registered to the email briellehasler181@outlook.com. ECF No. 41 at PageID #: 60. Plaintiff states that after Defendant received personal service on July 22, 2025, Defendant submitted a sworn declaration denying that she was involved with the infringing website and denying any connection to the above email. ECF No. 41 at PageID ##: 60–61. Defendant's counsel also wrote to Plaintiff "asserting misidentification, challenging

(4:25CV1234)

service, and stating that Defendant would execute a Rule 4(d) waiver while Plaintiff verifies the facts. ECF No. 41 at PageID #: 61.

## II.

Fed. R. Civ. P. 4(f)(3) states that an individual "may be served at a place not within any juridical district of the United States . . . by other means not prohibited by international agreement, as the court orders." FED. R. CIV. P. 4(f)(3). If a physical address is unknown, the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents and Fed. R. Civ. P. 4(f)(1) does not apply. Hague Convention on Service Abroad of Judicial and Extrajudicial Documents, art. 1, Apr. 24, 1967, 20 U.S.T. 361 ("This Convention shall not apply where the address of the person to be served with the document is not known."). Service must meet the constitutional requirements of due process and "notice [should] reasonably calculated, under all the circumstances, [ ] apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950).

## III.

Plaintiff moves the Court pursuant to Fed. R. Civ. P. 4(f)(3) for leave to perfect service of the summons and complaint upon Defendant by email to the address associated with the operation of the infringing website, namely briellehasler181@outlook.com. ECF No. 41.

The Court finds that the facts and circumstances of the case at bar warrants alternative service by email. After discovery responses, Plaintiff alleged that Defendant was the registrant of record and found an East Poland, Ohio physical address associated with the domain name registration. ECF No. 21. Plaintiff then executed personal service on the registrant of record and to the physical address provided. ECF No. 38. The physical address, however, is not the true

(4:25CV1234)

alleged infringer. ECF No. 41 at PageID #: 60–61. As such, Plaintiff now has no physical address to serve Defendant despite Plaintiff's good faith efforts. The only known contact remaining is the email address registered to the infringing website.

Plaintiff has adequately demonstrated that the physical address of Defendant is unknown.[1] *Cf. Noco Co. v. CF Grp. SZKMS Co.*, 571 F. Supp. 3d 862, 871 (N.D. Ohio 2021) (finding that a mere difference in address and a successful mailing of the waiver package despite the lack of response is inadequate to show that the physical address is unknown) *with* Ex. A, ECF No. 41-2 (declaring in a sworn statement that the registered address is hers and that no other individual has lived in that address but that she is unassociated with the infringing website in question). Because the physical address of Defendant is unknown, the Hague Convention and Fed. R. Civ. P. 4(f)(1) do not apply. Under Fed. R. Civ. P. 4(f)(3), service may be allowed by means not prohibited by international agreement or as the Court orders. FED. R. CIV. P. 4(f)(3); *NOCO Co., Inc. v. Shenzhen Anband Tech.*, Case No. 1:17CV2205, 2018 WL 1373822, * 3 (N.D. Ohio Mar. 19, 2018) ("However, The Hague Convention Does not apply when the address of the person to be served is unknown. . . . Furthermore, federal courts have repeatedly found that email service is not prohibited by the Hague Convention.").

The Court finds that sending an email to the registered email address of the infringing website is reasonably calculated to give Defendant notice and an opportunity to be heard in the

---

[1] According to the subpoena Plaintiff served on Sav.com, the infringing website is registered to an Ann DeRhodes, with a Poland address, and an email. *See* Ex. C, ECF No. 41-4. The individual, Mary Ann DeRhodes, at the address that was provided has submitted a sworn declaration that she is not associated with the infringing website, and that the connected email is not here email. *See* Ex. A, ECF No. 41-2. This individual's counsel also stated that the individual is the victim of scam artists. *See* Ex. B, ECF No. 41-3. The only remaining connection to the infringing website, and the true alleged trademark infringing individual is the website's registered email.

3

(4:25CV1234)

present case. See Mullane, 339 U.S. at 314 (explaining the notice and opportunity are required). Therefore, serving the alleged infringing individual through this email is the only remaining method remaining and also comports with constitutional judicial notions of due process. See NOCO Co., Inc., Case No. 1:17CV2205, 2018 WL 137822 at *3; Noco Co., Inc. v. Zhejiang Quingyou Elec. Com. Co., Case No. 1:20cv1170, 2021 WL 374617, at *4 (N.D. Ohio Feb. 3, 2021) (finding that electronic service is not prohibited by the Hague Convention and is permitted when the defendant's business takes place online and the defendant has provided an incomplete or incorrect physical address).

### IV.

For good cause shown, Plaintiff's motion for an Order permitting alternative service *via* email on briellehasler181@outlook.com, the registered email for the infringing website and the appropriate defendant for this proceeding, is granted. Plaintiff shall forthwith serve Defendant with the summons and complaint, as well as a copy of this Order, *via* the email registered to the infringing website (briellehasler181@outlook.com). Thereafter, Plaintiff shall file a Return of Service on the docket.

IT IS SO ORDERED.

October 21, 2025  /s/ Benita Y. Pearson
Date  Benita Y. Pearson
  United States District Judge

4