**IN THE UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF OHIO**

**EASTERN DIVISON**

| | | |
|---|---|---|
| NATHAN RAPPORT, et al., | ) | CASE NO. 1:25-cv-02071 |
| | ) | |
| Plaintiffs, | ) | JUDGE CHARLES ESQUE FLEMING |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | REUBEN J. SHEPERD |
| | ) | |
| MICHAEL CHAPIRO, | ) | **ORDER DENYING** |
| | ) | **MOTION FOR ALTERNATIVE** |
| Defendant. | ) | **SERVICE** |
| | ) | |

I.     **Introduction and Relevant Procedural History**

On September 30, 2025, Plaintiffs Nathan Rapport and Radian Industries, Inc.
(collectively, "Plaintiffs") filed a Complaint, with attachments in support, against Defendant
Michael Chapiro ("Chapiro") raising 23 civil claims, among them violation of Plaintiffs' trade
secrets, Lanham Act claims, RICO claims, contract claims, defamation, tortious interference with
business relationships, and Ohio state-law claims, among others. (*See generally* ECF Docs. 1, 2).
On October 29, 2025, the matter was referred to me for general pretrial supervision and
resolution of non-dispositive motions. (Non-document entry of October 29, 2025).

On October 28, 2025, Plaintiffs filed an *ex parte* Motion to permit alternative service on
Defendant (ECF Doc. 10), amended on October 29, 2025 (ECF Doc. 11), alleging that Defendant
has been avoiding service, despite Plaintiffs' attorney's attempts to serve him. (*Id.*). On October
29, 2025, I denied Plaintiffs' motion for alterative service without prejudice because the initial

1

attempt at service did not comply with Local Rule 4.2[1] and no packet had been presented to the Clerk for service. That order stated:

> Order [non-document] denying Plaintiff's ex parte motions for alternative service (ECF Docs. 10 , 11 ) without prejudice. To properly effect service, Plaintiff's attorney must prepare a packet as described in Local Rule 4.2(a) and deliver to the Clerk's office for mailing. He has not done so, and has therefore not shown that alternative service is necessary under the general rules of Federal Rule of Civil Procedure 4, or that Defendant is not present in the country and foreign service is necessary under Rule 4(f). Plaintiff's attorney is ordered to comply with Local Rule 4.2 and prepare the packet for service by the Clerk, no later than November 12, 2025. Plaintiff's attorney is responsible under that Rule for determining if service has been made under its provisions and under Rule 4 of the Ohio Rules of Civil Procedure. So ordered.

(Second non-document entry of Oct. 29, 2025). On November 3, 2025, after receiving the packet ordered on October 29, the Clerk placed the Summons and Complaint in the U.S. mail for service by certified mail. (Non-document entry of Nov. 3, 2025).

Plaintiffs then filed a Return of Service (ECF Doc. 16), a Notice of Perfected Service (ECF Doc. 17), and an Application to Clerk for Entry of Default against Chapiro (ECF Doc. 18). Before entering a default judgment against a defendant who has not appeared, the Court must first satisfy itself that it has personal jurisdiction over the defendant. I therefore issued a Report and Recommendation on January 9, 2026, recommending that the Court find service had not been perfected against Chapiro and the Court lacked personal jurisdiction over him, (ECF Doc. 19), which the District Court adopted on February 9, 2026 (ECF Doc. 21). In that Report and Recommendation, I also extended the time for Plaintiffs to perfect service until March 30, 2026.[2] (ECF Doc. 19, pp. 13-15).

---

[1] Plaintiffs attach to the instant motion a certified mail receipt addressed to Chapiro at the Lenora address with return to Plaintiffs' counsel, which includes a handwritten note "Sent October 7, 2025" at the top. (ECF Doc. 23-1). The return is unsigned. (*Id.*).

[2] In so doing, I found that good cause existed to permit extension in part because Plaintiffs had demonstrated diligence in seeking out Chapiro's address and because "[t]he mistake in sending to an invalid address is not readily

Plaintiffs now renew their earlier motion for alternative service, and again request the Court permit service by email, or in the alternative, by publication. (ECF Doc. 23). For the reasons that follow, neither alternative means comport with local or Ohio rules, nor Ohio law, and I must deny the motion.

## II.    Discussion

In their motion, Plaintiffs request that the Court permit service by email under Federal Rule of Civil Procedure 4(f)(3) because, as they assert, this Court has "foreclosed" them from using the Lenora address, and because the federal rules permit service by email "when: (1) The plaintiff has made diligent efforts to serve the defendant through traditional means; (2) the defendant's physical address is unknown, making traditional service unsuccessful or impracticable; and (3) the proposed method is reasonably calculated to give actual notice and an opportunity to respond." (ECF Doc. 23. p. 6). Plaintiffs further request, in the alternative, that service by publication be permitted. (*Id.* at pp. 7-8). For the reasons described below, I deny Plaintiffs' request for alternative service.

As stated previously, a defendant must be personally served with a summons and complaint, and it is only after the defendant has waived may later filings be served by email. When permitting extension to perfect service, I stated:

---

apparent on its face – indeed, The Mailbox Seattle advertises its services specifically to avoid appearing as if mail is being sent to a P.O. Box." (ECF Doc. 19, p. 14). However, as Plaintiffs now reveal, they were aware as early as October 8, 2025 – well before any relevant order in this case issued – that the Lenora address was likely invalid for purposes of perfecting service. (ECF Doc. 23-1, p. 13). In an email between counsel for Plaintiffs and a representative of a process server, counsel was informed that the representative was "advised that the address provided (300 Lenora Street) is a private mailbox store called "The Mailbox Seattle". . . it's unlikely that they will accept service[.]" (*Id.*). Despite this prior knowledge, Plaintiffs and their counsel represented to the Court that service to that address was proper and continued to use the address in subsequent attempts at service, even with the Court's repeated rulings that service be made to a valid address that would confer it with personal jurisdiction over Chapiro. This lack of candor has resulted in encumbering the Court and wasting its resources – and now, over five months since this case's filing, service is no closer to being perfected. Good cause for continued extensions has dissipated.

However, with this extension, I urge Plaintiffs to be mindful that any re-attempt at service must be made such that it confers personal jurisdiction over Chapiro according to the applicable rules of procedure. Even though Chapiro or his counsel may be aware of this lawsuit in the Northern District of Ohio, notice alone does not suffice to confer this Court's exercise of personal jurisdiction over a defendant. And even though Chapiro may not have a regular residential address for more than a few weeks at a time, email service of the summons and complaint does not comport with the Ohio rules of civil procedure, nor does it satisfy the Court's exercise of personal jurisdiction. Ohio requires that the summons and the complaint must be personally served in accordance with Rule 4.1 *et seq*. Only thereafter may a defendant agree to service of other papers by email. *McLemore v. Clinton Cnty. Sheriff's Off.*, 214 N.E.3d 723, 738 (Ohio Ct. App. 2023) (explaining that Ohio rules require that a summons and complaint be issued in strict compliance with Rule 4.1 through 4.6, and that emailed attempts or personal attempts by the party to serve the complaint on the defendant were insufficient).

(ECF Doc. 19, p. 14).

The Federal Rules of Civil Procedure do not themselves allow for service of process by either publication or email. *Clark v. Parker*, No. 5:24-CV-1312, 2025 WL 2977698, at *3 (N.D. Ohio Oct. 22, 2025), *report and recommendation adopted,* No. 5:24-CV-1312, 2025 WL 3173610 (N.D. Ohio Nov. 13, 2025). However, this Court's Local Rules follow Rule 4(e)'s directive, and permit that a person may be served by following state law where the district court is located or where service is made. Fed. R. Civ. P. 4(e)(1); Local Civ. R. 4.2. And here, where a defendant is sued personally, personal service of process is required. Ohio does not permit service of process by email, and by extension, neither does this Court[3]. *McLemore*, 214 N.E.3d at 738 (explaining that service by email on 31 natural defendants is not a permissible method of service under Civ. R. 4.1); *Clark v. Parker*, 2025 WL 2977698, at *3 ("Ohio does not allow service of process by email.").

The cases cited in Plaintiffs' present motion do not counsel otherwise. The case appended to Plaintiffs' motion, where another Court within this judicial district permitted service by email,

---

[3] Recognizing that, should service be made in a different state, this Court would recognize service as proper if made consistent with that state's rules. Fed. R. Civ. P.4(e)(1).

is easily distinguishable. That case involved a website where the physical address listed for the domain name registrant was fraudulent, but that the email address was likely connected to the proper defendant. (*See Gelab Cosmetics, LLC v. Derhodes*, 4:25-cv-01234, ECF Doc. 42 (N.D. Ohio, Oct. 21, 2025) ("The Court finds that sending an email to the registered email address of the infringing website is reasonably calculated to give Defendant notice and an opportunity to be heard in the present case.")). I note also that Judge Pearson cited to another case for the proposition that "electronic service is not prohibited by the Hague Convention and is permitted when the defendant's business takes place online and the defendant has provided an incomplete or incorrect physical address." (*Id.*, citing to *Noco Co., Inc. v. Zhejiang Quingyou Elec. Com. Co.*, Case No. 1:20cv1170, 2021 WL 374617, at *4 (N.D. Ohio Feb. 3, 2021)). Those, and other cases, permit service by electronic means on online businesses. *See, e.g.*, *Lexmark Int'l, Inc. v. Ink Techs. Printer Supplies, LLC*, 295 F.R.D. 259, 262 (S.D. Ohio 2013); *NOCO Co., Inc. v. Shenzhen Anband Tech.*, No. 1:17CV2205, 2018 WL 1373822, at *1 (N.D. Ohio Mar. 19, 2018). The rules permitting service on a foreign corporation do not apply when considering whether service is properly made on a natural person. And, in any case, due process must still be satisfied regardless of the method of service. Shenzhen Anband Tech., 2018 WL 1373822, at *3 ("Even if service by alternative means is appropriate under the [Hague] Convention, service must still satisfy due process under the Constitution of the United States.").

Here, the allegations in the Complaint are directed at Chapiro personally; his businesses, whether online or otherwise, are not named as defendants. The cases permitting email service are directed to cases where the business itself is named as a defendant, that business is an online business with no apparent physical presence, and made after failed service to the physical address listed for the business or where a physical address is unknown. *E.g., id.* Chapiro is being

sued as a natural person. Even if he does not maintain a regular address, as a natural person, he is not an online entity for which no physical address exists. It therefore remains that Chapiro must be personally served.

I therefore deny Plaintiffs' motion to serve Chapiro via email. The October 20, 2025 email does not satisfy due process, nor does it perfect service on Chapiro.

Next, Plaintiffs request that service by publication be permitted. (ECF Doc. 23, pp. 7-8).

Both this Court's local civil rules and the Federal Rules of Civil Procedure look to Ohio rules to establish alternative means of service. Local Civ. R. 4.2; Fed. R. Civ. P. 4(e)(1) (service on an individual may be made "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."). Ohio Rule of Civil Procedure 4.4 sets forth the standard for service by publication, and states "when service of process is required upon a party whose residence is unknown, service shall be made by publication in actions where such service is authorized by law." Ohio Revised Code Section 2703.14 likewise sets forth those cases where service by publication is authorized. But neither Ohio civil rules nor Ohio law permits service by publication on an out-of-state defendant in a civil action such as this. The types of cases permitting service by publication are either divorce and child custody cases (Ohio Civil Rule 4.4(2)(a)), cases involving real property (e.g., O.R.C. §§ 2703.14(A)-(D), (I)), trust and probate cases (*e.g., id.* at §§ 2703.14(E)-(F)), or in cases requesting post-judgment relief (*id.* at § 2703.14(K)). The only provision permitting service by publication on a person who is avoiding service is when the person is an Ohio resident but has moved counties. *Id.* at § 2703.14(L) ("In an action in which the defendant, being a resident of this state, has departed from the county of his residence with intent to delay or

defraud his creditors or to avoid the service of a summons, or keeps himself concealed with a similar intent.").

This case is not the type that Ohio law allows for alternative service by publication. And even though Chapiro may be evading service, he is not alleged to have ever been an Ohio resident, and thus does not fall within Ohio's law or civil rules for service by publication. *Id.*; *see also* Ohio Civ. R. 4.4. And other Ohio rules comport with this premise: Ohio Civil Rule 4.3, which governs process for out-of-state defendants, provide for only two methods of service: either service by the clerk or by personal service. Ohio R. Civ. P. 4.3(B). Service by publication is therefore unavailable for this case based on its subject matter, or on Chapiro as an out-of-state defendant. Plaintiffs' motion is denied.

To reiterate: Plaintiffs have until March 30, 2026 to perfect service. Service must be made in accordance with this Court's local rules, Ohio rules, Ohio law, and the Federal rules, and made in a manner that confers this Court with personal jurisdiction over Chapiro.

III.    **Conclusion**

Plaintiffs' motion for alternative service (ECF Doc. 23) is denied. Plaintiffs have until March 30, 2026 to perfect service, or else risk a recommendation of dismissal without prejudice.

Dated: March 6, 2026

REUBEN J. SHEPERD
UNITED STATES MAGISTRATE JUDGE

7