**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NATHAN RAPPORT, *et al.*, | ) | CASE NO. 1:25-cv-2071 |
| | ) | |
| Plaintiffs, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL CHAPIRO, | ) | **OPINION AND ORDER ADOPTING IN** |
| | ) | **PART MAGISTRATE'S ORDER (ECF** |
| Defendant. | ) | **NO. 24)** |
| | ) | |

Before the Court are Plaintiffs Nathan Rapport and Raidan Industries, Inc.'s Objection to Magistrate Judge Reuben Sheperd's March 30, 2026 Order Denying Motion for Alternative Service. (ECF No. 25). Judge Sheperd's Order denied Plaintiffs renewed request for alternative service by either email or publication (ECF No. 23). (ECF No. 24). The Order also noted that Plaintiffs had until March 30, 2026 to perfect service on Defendants and warned that a failure to do so would risk a recommendation of dismissal without prejudice. (*Id.* at PageID #1076). The Court, having reviewed Plaintiffs' renewed motion for alternative service (ECF No. 23), Magistrate Judge Sheperd's Order (ECF No. 24), and Plaintiffs' Objection (ECF No. 25), **AFFIRMS** the Order **IN PART** and **REMANDS** this matter for further consideration.

Parties may object to an order issued by a magistrate judge regarding non-dispositive matters, and a district judge must consider timely objections. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). A district court may reconsider a magistrate judge's determinations *only* "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

1

## I.      First Objection – Service by Email

Plaintiffs' first objection is that Magistrate Judge Sheperd's rejection of their request to permit service by email is clearly erroneous. (ECF No. 25, PageID #1078–82). Plaintiffs moved for alternative service by email under Fed. Civ. P. 4(f)(3), citing cases in the Northern District of Ohio and other federal districts where courts have authorized email on a foreign defendant. (ECF No. 23, PageID #1028–30).[1] Magistrate Judge Sheperd rejected Plaintiffs' request for service by email after finding that: (i) the Federal Rules of Civil Procedure do not provide for service of process by email; (ii) Ohio does not permit service of process by email; and (iii) the cases cited by Plaintiff, and similar cases, are distinguishable because Defendant is a natural person and not a business with no apparent physical presence and an unknown physical address (relevant facts and circumstances present in these other cases). (ECF No. 24, PageID #1073–75).

Plaintiffs argue that Magistrate Judge Shepard's order is erroneous because service by email is permitted under Fed. R. Civ. P. 4(f)(3), which allows service on an individual not within any judicial district of the United States "by means not prohibited by international agreement"— including service by email. (ECF No. 25, PageID #1079–82). The Court finds Plaintiffs' argument unavailing because he has not provided sufficient evidence to establish that Defendant is "an individual in a foreign country" such that Fed. R. Civ. P. 4(f) applies. The only evidence Plaintiffs provide is a sworn declaration from Plaintiffs' attorney stating that "internet searches of available records associated with Defendant demonstrate his continuous travel across multiple foreign jurisdictions-including Canada, Mexico, El Salvador, Argentina, and the United Kingdom-during the period of Plaintiffs' attempted service." (ECF No. 23-3, PageID #1062, ¶ 4). Without any

---

[1] Plaintiffs cite the following cases from the Northern District of Ohio: (i) Order, *GeLab Cosmetics LLC v. DeRhodes*, No. 4:25-cv-01234 (N.D. Ohio Oct. 21, 2025); (ii) *Noco Co. v. Zhejiang. Quingyou Elec. Com. Co.*, 338 F.R.D. 100 (N.D. Ohio 2021).

corroborating evidence, the Court finds this insufficient to establish that Defendant is an individual

in a foreign country.  Moreover, even taking the sworn statement at face value, it does not

demonstrate that Defendant is currently in a foreign country or will be in the near future (as the

declaration merely states he was out of the country "during the period of Plaintiffs' attempted

service").

Given the record before the Court, Plaintiffs' attempts to invoke Fed. R. Civ. P. 4(f) as a

basis for alternative service are unsupported and misplaced.  Accordingly, the Court

**OVERRULES** Plaintiffs' first objection and **AFFIRMS** Magistrate Judge Sheperd's denial of

service by email.

## II.    Second Objection – Service by Publication

Plaintiffs' second objection is that Magistrate Judge Sheperd's rejection of their request to

permit service by publication is clearly erroneous.  (ECF No. 25, PageID #1082–84).  Plaintiffs

moved for alternative service by publication under Fed. Civ. P. 4(e)(1), which permits federal

courts to borrow Ohio's procedural rules, and Ohio Civ. R. 4.4(A)(1), which "authorizes service

by publication when the defendant's residence cannot be discovered with reasonable diligence."

(ECF No. 23, PageID #1030–31).  Magistrate Judge Sheperd rejected Plaintiffs' request for service

by publication providing the following analysis:

> Ohio Revised Code Section 2703.14 likewise sets forth those cases where service
> by publication is authorized.  But neither Ohio civil rules nor Ohio law permits
> service by publication on an out-of-state defendant in a civil action such as this.
> The types of cases permitting service by publication are either divorce and child
> custody cases (Ohio Civil Rule 4.4(2)(a)), cases involving real property (e.g.,
> O.R.C. §§ 2703.14(A)-(D), (I)), trust and probate cases (*e.g., id.* at
> §§ 2703.14(E)-(F)), or in cases requesting post-judgment relief (*id.* at
> § 2703.14(K)). The only provision permitting service by publication on a person
> who is avoiding service is when the person is an Ohio resident but has moved
> counties. *Id.* at § 2703.14(L) ("In an action in which the defendant, being a resident
> of this state, has departed from the county of his residence with intent to delay or

3

> defraud his creditors or to avoid the service of a summons, or keeps himself concealed with a similar intent.").

> This case is not the type that Ohio law allows for alternative service by publication. And even though Chapiro may be evading service, he is not alleged to have ever been an Ohio resident, and thus does not fall within Ohio's law or civil rules for service by publication.  *Id.*; *see also* Ohio Civ. R. 4.4.  And other Ohio rules comport with this premise: Ohio Civil Rule 4.3, which governs process for out-of-state defendants, provide for only two methods of service: either service by the clerk or by personal service. Ohio R. Civ. P. 4.3(B).  Service by publication is therefore unavailable for this case based on its subject matter, or on Chapiro as an out-of-state defendant. Plaintiffs' motion is denied.

(ECF No. 24, PageID #1075–76).

Plaintiffs argue that Magistrate Judge Shepard's denial is erroneous because: (i) he solely focuses on Ohio Rev. Code § 2703.14(L) and overlooks another applicable provision—§ 2703.14(I); and (ii) Fed. R. Civ. P. 4(f)(3) can provide an avenue for granting service by publication.  (ECF No 25, PageID #1082–84).  As discussed above, Rule 4(f)(3) does not apply here and so the second portion of this objection is **OVERRULED**.  As to the first portion of the objection, the Court agrees with Plaintiffs that the applicability of § 2703.14(I) was overlooked.

Under Ohio Rev. Code § 2703.14, service may be made by publication:

> (I) In an action that relates to or the subject of which is real or *personal property* in this state, when the defendant has or claims a lien on the property or an actual or contingent interest in the property or the relief demanded consists wholly or partly in excluding him from any interest in the property, and the defendant is not a resident of this state or is a foreign corporation or his place of residence cannot be ascertained; . . .

Ohio Rev. Code § 2703.14(I) (emphasis added).  The Magistrate Judge's analysis characterized § 2703.14(I) as applying to cases involving only real property.  (ECF No. 24, PageID #1075). Reviewing the complaint, this case appears as though it might relate to personal property in this

state, Plaintiff appears to be seeking relief in the form of excluding Defendant from any interest in that personal property, and Defendant is not a resident of Ohio.

However, even if the requirements of § 2703.14(I) apply,[2] under Ohio law "a plaintiff must exercise reasonable diligence in his attempt to locate a defendant before he is entitled to service by publication." *Prosser v. XTO Energy, Inc.*, No. 2:12-cv-0883, 2013 U.S. Dist. LEXIS 160253, at *6 (S.D. Ohio, Oct. 31, 2013) (quoting *Sizemore v. Smith*, 6 Ohio St. 3d 330, 6 Ohio B. 387, 453 N.E.2d 632, 634 (Ohio 1983)).  Thus, before Plaintiffs can be granted authorization to effectuate service by publication, there must be a determination as to whether Plaintiffs exercised such reasonable diligence.  Accordingly, the Court **SUSTAINS IN PART** Plaintiffs' second objection but will remand Plaintiffs' renewed motion for alternative service (ECF No. 23) to Magistrate Judge Sheperd to determine, in the first instance, the applicability of § 2703.14(I). Based on this remand, the Court will grant an extension of time to effectuate service, which will render Plaintiffs' objection as to denying an extension of time as moot.  (*See* ECF No. 25, PageID #1085–91).

## IV.  CONCLUSION

For the foregoing reasons, Plaintiffs' objections (ECF No. 25) are **OVERRULED IN PART AND SUSTAINED IN PART**.  The Court **ADOPTS IN PART** Magistrate Judge Sheperd's Order (ECF No. 24) to the extent that it denies Plaintiffs' request for alternative service by email.  The Court **REMANDS** Plaintiffs' renewed motion for alternative (ECF No. 23) to Magistrate Judge Sheperd to determine in the first instance: (i) whether Ohio Rev. Code § 2703.14(I) applies; (ii) whether Plaintiffs exercised reasonable diligence in trying to locate Defendant; and (iii) if the first two questions are answered in the affirmative, whether Plaintiffs

---

[2] The Court notes that it has made no determination as to whether § 2703.14(I) applies.

are ultimately entitled to effectuate service by publication.  The Court **GRANTS** Plaintiffs an extension of time to perfect service on Defendant and sets the deadline as May 14, 2026.

**IT IS SO ORDERED.**

Date: March 30, 2026

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**