**IN THE UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF OHIO**

**EASTERN DIVISON**

| | |
|---|---|
| NATHAN RAPPORT, et al., | ) CASE NO. 1:25-cv-02071-CEF |
| | ) |
| Plaintiffs, | ) JUDGE CHARLES ESQUE FLEMING |
| | ) |
| v. | ) MAGISTRATE JUDGE |
| | ) REUBEN J. SHEPERD |
| MICHAEL CHAPIRO, | ) |
| | ) **ORDER GRANTING** |
| | ) **MOTION FOR ALTERNATIVE** |
| Defendant. | ) **SERVICE** |
| | ) |

## I.      Introduction and Relevant Procedural History

On September 30, 2025, Plaintiffs Nathan Rapport and Radian Industries, Inc. (collectively, "Plaintiffs") filed a Complaint, with attachments in support, against Defendant Michael Chapiro ("Chapiro") raising 23 civil claims, among them violation of Plaintiffs' trade secrets, Lanham Act claims, RICO claims, contract claims, defamation, tortious interference with business relationships, and Ohio state-law claims, among others. (*See generally* ECF Docs. 1, 2). On October 29, 2025, the matter was referred to me for general pretrial supervision and resolution of non-dispositive motions. (Non-document entry of Oct. 29, 2025).

On October 28, 2025, Plaintiffs filed an ex parte Motion to permit alternative service on Defendant (ECF Doc. 10), amended on October 29, 2025 (ECF Doc. 11), alleging that Defendant has been avoiding service, despite Plaintiffs' attorney's attempts to serve him. (*Id.*). On October 29, 2025, I denied Plaintiffs' motion for alternative service without prejudice because the initial

1

attempt at service did not comply with Local Rule 4.2[1] and no packet had been presented to the

Clerk for service. That order stated:

> Order [non-document] denying Plaintiff's ex parte motions for alternative service (ECF Docs. 10 , 11) without prejudice. To properly effect service, Plaintiff's attorney must prepare a packet as described in Local Rule 4.2(a) and deliver to the Clerk's office for mailing. He has not done so, and has therefore not shown that alternative service is necessary under the general rules of Federal Rule of Civil Procedure 4, or that Defendant is not present in the country and foreign service is necessary under Rule 4(f). Plaintiff's attorney is ordered to comply with Local Rule 4.2 and prepare the packet for service by the Clerk, no later than November 12, 2025. Plaintiff's attorney is responsible under that Rule for determining if service has been made under its provisions and under Rule 4 of the Ohio Rules of Civil Procedure. So ordered.

(Second non-document entry of Oct. 29, 2025). On November 3, 2025, after receiving the packet

ordered on October 29, the Clerk placed the Summons and Complaint in the U.S. mail for

service by certified mail. (Non-document entry of Nov. 3, 2025).

Plaintiffs then filed a Return of Service (ECF Doc. 16), a Notice of Perfected Service

(ECF Doc. 17), and an Application to Clerk for Entry of Default against Chapiro (ECF Doc. 18).

Before entering a default judgment against a defendant who has not appeared, the Court must

first satisfy itself that it has personal jurisdiction over the defendant. I therefore issued a Report

and Recommendation on January 9, 2026, recommending that the Court find service had not

been perfected against Chapiro and the Court lacked personal jurisdiction over him, (ECF Doc.

19), which the District Court adopted on February 9, 2026 (ECF Doc. 21).

Plaintiffs renewed their motion for alternative service, and requested the Court permit

service by email, or in the alternative, by publication. (ECF Doc. 23). On March 6, 2026, I issued

an order denying both methods of service, because this Court follows Ohio law for service of

---

[1] Plaintiffs attach to the instant motion a certified mail receipt addressed to Chapiro at the Lenora address with return to Plaintiffs' counsel, which includes a handwritten note "Sent October 7, 2025" at the top. (ECF Doc. 23-1). The return is unsigned. (*Id.*).

process,[2] and Ohio does not permit service by email; and that, based on my initial review, Ohio

law did not allow for service by publication where the dispute centers on intellectual property

and business dealings for a company incorporated in Wyoming. (ECF Doc. 24). Plaintiffs

objected, (ECF Doc. 25), and the District Court adopted my order in part (ECF Doc. 26), but

sustained Plaintiffs' objection in part and remanded the motion for alternative service to me. (*Id.*

at p. 5).

That Order permitted Plaintiffs until May 14, 2026 to perfect service, and instructed that I

"determine in the first instance: (i) whether Ohio Rev. Code § 2703.14(I) applies; (ii) whether

Plaintiffs exercised reasonable diligence in trying to locate Defendant; and (iii) if the first two

questions are answered in the affirmative, whether Plaintiffs are ultimately entitled to effectuate

service by publication." (*Id.* at pp. 5-6). I now reconsider Plaintiffs' motion for alternative

service. (ECF Doc. 23).

## II.    Discussion

In their motion, Plaintiffs request that service by publication be permitted. (ECF Doc. 23,

pp. 7-8). As Plaintiffs present, "Ohio Civ. R. 4.4(A)(1) authorizes service by publication when

the defendant's residence cannot be discovered with reasonable diligence." (*Id.* at p. 8). Plaintiffs

submitted affidavits and other supporting documents demonstrating their diligence in attempting

to discover Chapiro's residence to effect service on him and notice him of the suit against him.

(*See* ECF Docs. 23-2, 23-3, 23-4). Plaintiffs have conducted additional investigations to uncover

Chapiro's residence, (ECF Docs. 27, 28 *and attachments*), which have proven fruitless. (*Id.*).

---

[2] This Court also permits for service of process using the laws of the state where the defendant is served. Fed. R. Civ. P. 4(e)(1). Because the defendant's place of residence is unknown in this case, I look to Ohio law.

A.     **Service by Publication under Ohio Revised Code Section 2703.14(I) is narrowly applicable.**

The Federal Rules of Civil Procedure do not themselves allow for service of process by publication. However, this Court's Local Rules follow Rule 4(e)'s directive, and permit that a person may be served by following state law where the district court is located or where service is made. Fed. R. Civ. P. 4(e)(1); Local Civ. R. 4.2. Because service has not yet been made on Chapiro, I look to Ohio rules to establish alternative means of service. *Id.* Ohio Rule of Civil Procedure 4.4 sets forth the standard for service by publication, and states, "when service of process is required upon a party whose residence is unknown, service shall be made by publication in actions where such service is authorized by law." Ohio Revised Code Section 2703.14 likewise sets forth those cases where service by publication is authorized. Section 2703.14(I) states:

> In an action that relates to or the subject of which is real or personal property in this state, when the defendant has or claims a lien on the property or an actual or contingent interest in the property or the relief demanded consists wholly or partly in excluding him from any interest in the property, and the defendant is not a resident of this state or is a foreign corporation or his place of residence cannot be ascertained[.]

Here, Chapiro is not a resident of Ohio, and his place of residence cannot be ascertained (*See, e.g.*, ECF Doc. 28 *and attachments*). Those portions of the statute are thus satisfied.

However, my earlier order, (ECF Doc. 24), did not fully consider the portion relevant to this case: whether this case "relates to . . . personal property in this state, when the defendant has . . . an actual or contingent interest in the property or the relief demanded consists wholly or partly in excluding him from any interest in the property." O.R.C. § 2703.04(I). With respect to subsection (I), I earlier denied the motion for service by publication, in part because this is not an

4

action involving real property, and did not consider the portions of this subsection concerning whether this action involves "personal property in this state." (*Id.*; *see also* ECF Doc. 24, p. 6).

I find, narrowly, that this action does involve personal property in this state, and that Plaintiff Rapport is seeking to assert his rights over that property as against Chapiro.

### 1. Rapport's claims regarding control of Radian Industries, Inc. itself do not fall within Section 2703.14(I).

Plaintiff Rapport and Chapiro entered into an "interim" partnership agreement on August 13, 2024. (ECF Doc. 2-1, p. 11). Plaintiff Radian Industries, Inc. is a Wyoming corporation,[3] incorporated by Chapiro on August 27, 2024, listing his Lenora address in Seattle, Washington for mailing, and listing an address in Sheridan, Wyoming as the "principal office address." (*Id.* at p. 10). On September 9, 2024, Rapport and Chapiro recorded that their initial partnership "is continued under the name Radian Industries, which has been incorporated in the State of Wyoming as Radian Industries, Inc." (*Id.* at p. 12). Further, the parties in the Founders Agreement agreed that "all acts and transactions pursuant hereto shall be governed, construed, and interpreted in accordance with the law of the State of Wyoming, without giving effect to principles of conflicts of law." (*Id.* at p. 47).

For these reasons, the former Radian Industries, Inc., appears to be a Wyoming corporation, incorporated in that state, and governed by its laws. As such, Section 2703.14(I) does not apply, because even though Rapport seeks to exclude Chapiro from the former company, it is not personal property in the state of Ohio. Therefore, service by publication as to claims excluding Chapiro from Radian Industries, or its successors, is not available under Section 2703.14(I).

---

[3] Rapport later dissolved Radian Industries, Inc. (*See, e.g.*, ECF Doc. 2-2, pp. 7-8).

**2.      Intellectual property claims do not fall within Section 2703.14(I).**

Plaintiffs also seek to assert rights over intellectual property and exclude Chapiro from Rapport's inventions, including the Vacuustat and related technologies. In the Complaint, Plaintiffs raise 23 counts, including violation of the Defend Trade Secrets Act (18 U.S.C. § 1836); two violations of the Lanham Act (15 U.S.C. §§ 1125(a)(1)(A)-(B), (d)); four racketeering counts (18 U.S.C. §§ 1962(a)-(d)); violation of the Ohio Corrupt Activities Act (O.R.C. § 2923.32(A)); violation of the Computer Fraud and Abuse Act (18 U.S.C. § 1030); defamation per se; breach of fiduciary duty; fraudulent conveyance (O.R.C. §§ 1336.04(A), 1336.05(A)); breach of contract; civil theft (O.R.C. §§ 2307.61, 2913.02); conversion; fraudulent inducement; fraudulent misrepresentation; constructive fraud; tortious interference with business relationships; misappropriation of trade secrets under OUTSA (O.R.C. §§ 1333.61-1333.69); unjust enrichment; civil conspiracy; and declaratory judgment (28 U.S.C. § 2201 and O.R.C. § 2721.03). Here, although the claims themselves are wide-ranging, much of Plaintiffs' dispute with Chapiro center around disclaiming Chapiro's interest in Rapport's patented Vacuustat technology, disputes over related research and development of other intellectual property, and disputes around the parties' business dealings with one another. (*See generally* ECF Doc. 1, Compl.). Because the question presently is whether any "personal property" is in Ohio for purposes of service by publication under Section 2703.14(I), I focus my review only to the intellectual[4] property central to Plaintiffs' claims.

Federal courts will deny service by publication when a case does not fall within "the limited types of cases in which service by publication can be made" under Ohio Revised Code Section 2703.14. *See Helms v. Nationwide Ins. Co. of Am.*, 280 F.R.D. 354, 363 (S.D. Ohio

---

[4] I consider personal property that may be physically present in Ohio in Subsection 3, infra.

2012); *MCP IP, LLC v. .30-06 Outdoors*, LLC, No. 2:21-CV-581, 2021 WL 11527958, at *3 (S.D. Ohio Mar. 30, 2021) (denying service by publication under O.R.C. § 2703.14 in a patent and trademark infringement case brought under 35 U.S.C. § 271 and 28 U.S.C. § 1125).

For purposes of Section 2703.14(I), Ohio permits constructive service on nonresident defendants by publication, if the "controversy relates to property which is within the jurisdiction of the court." *Brownewell v. Columbus Clay Mfg. Co.*, 131 N.E.2d 696, 699 (Ohio Com. Pl. 1955), *aff'd*, 166 Ohio St. 324, 142 N.E.2d 511 (1957). Because Section 2703.14(I) contemplates actions in rem or quasi in rem, a court's jurisdiction is limited to an order directing the disposition of the disputed property itself; the court's jurisdiction does not extend further. *Id.* Because service by publication under Section 2703.14(I) does not provide personal jurisdiction over a defendant, the court must first confirm it has jurisdiction to issue orders directing the person in control of any intangible personal property. *Id.* at. 699-702. If it does not, service by publication under Section 2703.14(I) is invalid for lack of subject matter jurisdiction. *Id.* at 702 (finding that, for purposes of Section 2703.14(I), the court did not have subject matter jurisdiction over an action involving a fraudulent transfer of stock certificates because an order transferring the shares to their proper owner would be a judgment in personam and not in rem).

The same problem confronted by the *Brownewell* court is present here. First, I note that in the Founders Agreement, Rapport "irrevocably assign[ed] . . . "all patent, copyright and trade secret rights, in and to all inventions, ideas, disclosures and improvements (whether patented or unpatented) or any other works of authorship which are or may be developed  . . . to the Company[,]" i.e., to Radian. (ECF Doc. 2-2, p. 46). With respect to copyright claims, Rapport agreed that "copyrightable work(s)" he prepared "within the scope of his Continuous Service Status are 'works made for hire' under the United States Copyright Act (17 U.S.C. §§ 101-810)

and that the Company [Radian] will be considered the author and owner of such copyrightable work(s)." (Id. at p. 47). But even if not deemed "'works made for hire,'" under the Copyright Act, Rapport "irrevocably assign[ed] all of [his] right, title, and interest in and to such copyrightable works to the Company." (Id.). Therefore, it appears that, pursuant to these agreements, Radian controls the intellectual property, and like the company itself, the intellectual property and licensing agreements "shall be governed by and construed in accordance with the laws of the State of Wyoming, without regard to its conflict of laws principles. Any dispute arising out of or relating to this Agreement shall be subject to the exclusive jurisdiction of the state or federal courts located in Wyoming." (*Id*.). Therefore, pursuant to the parties' own agreements, Ohio law regarding service by publication or otherwise, does not control.

But continuing, Rapport licensed the Vacuustat technology to Radian, as well as assigning it rights to any future technologies or intellectual property he might develop. Looking to the agreements between the parties and the intellectual property at issue there,[5] Rapport "provides Radian Industries, Inc. an exclusive, worldwide license to US Patent US 10625842B2, **Lighter-than-air fractal tensegrity structures,** along with any and all associated technologies or IP associated with vacuum balloons, which shall include, but not be limited to: All of Nathan Rapport's notes, calculations, computer code, and computer-aided design (CAD) files related to the design, construction, and operation of vacuum balloons as described in US Patent US10625842B2, Lighter-than-air fractal tensegrity structures." (ECF Doc. 2-1, p. 50). That licensing agreement notes that it is bound by the same terms as the Founders Agreement, and it likewise states that the licensing agreement

> shall be governed by and construed in accordance with the laws of the State of Wyoming, without regard to its conflict of laws principles. Any dispute arising out

---

[5] The licensing agreement Rapport appends to the Complaint is undated and unsigned. (*See* ECF Doc. 2-1, pp. 50-52).

> of or relating to this Agreement shall be subject to the exclusive jurisdiction of the state or federal courts located in Wyoming.

(*Id.*). Later agreements[6] continued in a similar structure, stating that "Radian holds the license to Nathan [Rapport]'s patent on vacuustat" (*Id.* at p. 53), and affirming a restructuring of the companies, with Radian continuing as a research and development lab, and Radian assigning "all Radian IP to" Chapiro's company, Celestial Precision, "as well as any derivative IP in the areas of gyros, accelerometers, or vacuustats." (*Id.* at pp. 54). Unrelated technologies, however, were not subject to this agreement. (*Id.*). Specific technologies named in the agreement included vacuustats in applications including telecom, ISR, power transfer, power generation, weapons launch, and directed energy; gyrocomp-enhanced directed RF coms links for loitering munitions; and supersonic cruise missiles. (*Id.* at pp. 54-55).

Because Radian's intellectual property was ostensibly assigned to Chapiro's company, Celestial Precision, jurisdiction in rem is insufficient to confer this Court with subject matter jurisdiction for purposes of permitting service by publication under Section 2703.14(I). *See Brownewell*, 131 N.E.2d at 702. This Court must have personal jurisdiction to direct the legal person with control over the property. *Id.* Service by publication will not provide this Court with the necessary personal jurisdiction over either Chapiro or his company, and does not empower this Court to enforce any judgment with respect to the intellectual property in dispute.

Generally, the intellectual property claims do not appear to fall within the provisions of Ohio Revised Code Section 2703.14. *See MCP IP, LLC*, 2021 WL 11527958, at *3. Additionally,

---

[6] I note also that a letter dated May 2, 2025 indicates that Rapport intended to form a new organizational structure, Seldon Initiative, to continue his research, but Radian was to "commercialize" that research, with Chapiro having board control of Radian, and the parties agreeing to "bilateral information sharing." (ECF Doc. 2-1, p. 56). However, this letter bears little weight for any agreement between the parties, as it notes in various places in the document that it is "proposed," "non-binding," a letter of intent, and is unsigned by either party. (*Id.*).

for similar reasons as stated elsewhere, it does not appear that the research or intellectual property developed by Radian as a Wyoming corporation and governed by its laws, is "personal property in Ohio" and is therefore not subject to Ohio Revised Code Section 2703.14(I). But further, even if the intellectual property is deemed to be within Ohio, service by publication under Section 2703.14(I) for intangible property does not provide this Court with sufficient jurisdiction to direct control over the property. Therefore, service by publication is unavailable with respect to the intellectual property in dispute.

### 3. Service by publication is available only with respect to tangible hardware located in Ohio.

Even though many claims here are not available for service by publication under Section 2703.1, and much of the personal property central to this action is not Ohio property and not covered by Section 2703.14(I), there is at least some personal property in Ohio that may fall under Section 2703.14(I) and permits service by publication as to that property.

The earlier cited September 9, 2024 document notes that, for Radian, "the principal place of business *for hardware* is: 1893 W. 54TH ST, CLEVELAND, OH 44102" *i.e.*, Rapport's personal address. (ECF Doc. 2-1, p. 12 (emphasis added)). Other agreements between the parties indicate that Rapport ran an "R&D lab" in his role at Radian. (*See, e.g.*, *id.* at pp. 53-54). And because Rapport likely has control over the physical hardware located at his personal address, service by publication would provide this Court with limited jurisdiction over only that property.

Thus, any hardware, lab equipment, or the like, would be "personal property in Ohio" that Rapport seeks to exclude from Chapiro, thus rendering that hardware subject to Ohio Revised Code Section 2703.14(I) for purposes of service by publication.

Importantly, however, Section 2703.14(I) does not provide this Court with personal jurisdiction over Chapiro. *Brownewell*, 131 N.E.2d at 699 (describing the statutory language as

10

providing constructive service for actions in rem or quasi in rem; subsection (I) does not provide for in personam actions). Service by publication here provides only limited jurisdiction, as against any property within Ohio's jurisdiction. *See, e.g.*, *Shaffer v. Heitner*, 433 U.S. 186, 205-12 (1977) (explaining that a state's ability to exercise jurisdiction over property within its borders is limited and cannot serve to assert personal jurisdiction over the owner of the property where the owner's interest in that property does not otherwise create minimum contacts with the forum state). Service by publication in these cases establishes jurisdiction to adjudicate rights over that property located in Ohio, but does not confer full personal jurisdiction over the defendant. *Id.; see also Duncan v. Peck*, 752 F.2d 1135, 1138 (6th Cir. 1985) (explaining that, pursuant to *Shaffer v. Heitner*, the "presence of personal property in [the] state [is] not sufficient to confer in personam or *quasi in rem* jurisdiction in the absence of adequate personal service and minimum contacts with the forum state.").

Therefore, this Court's jurisdiction in any action that continues from service by publication under Section 2703.14(I) extends to the property interest at issue, but it will not support a judgment enforceable beyond the property itself.

**B.      Plaintiffs have exercised reasonable diligence in attempting to locate Chapiro**

Service by publication under Section 2703.14(I) is a "*last resort* device." *Prosser v. XTO Energy, Inc.*, No. 2:12-CV-0883, 2013 WL 5934435, at *4 (S.D. Ohio Oct. 31, 2013) (emphasis in original). And under Ohio law, "a plaintiff must exercise reasonable diligence in his attempt to locate a defendant before he is entitled to service by publication." *Id.* at *2 (quoting *Sizemore v. Smith*, 453 N.E.2d 632, 634 (Ohio 1983)).

Ohio Civil Rule 4.4(A)(1) provides in relevant part that:

[I]f the residence of a defendant is unknown, service shall be made by publication in actions where such service is authorized by law. Before service by publication

11

can be made, an affidavit of a party . . . shall be filed with the court. The affidavit shall aver that service of summons cannot be made because the residence of the defendant is unknown to the affiant, all of the efforts made on behalf of the party to ascertain the residence of the defendant, and that the residence of the defendant cannot be ascertained with reasonable diligence.

Here, in support of their renewed motion for alternative service, Plaintiffs have submitted various affidavits documenting their efforts to serve Chapiro or discover his place of residence. (*See, e.g.*, ECF Docs. 23-2, 23-3, 28-1). According to those affidavits and their supporting documents, Plaintiffs have attempted to locate Defendant through hiring a professional process server, paying for a skip trace analysis, evaluated six known addresses revealed by the skip trace analysis to determine whether Chapiro resided at any, and hiring a private investigator. (*Id.*). None of these methods have resulted in a valid residential address to serve Chapiro.

Due diligence under *Sizemore* is a flexible analysis and does not require a plaintiff to follow a prescribed course. 453 N.E.2d at 634; *see also U.S. Commodity Futures Trading Comm'n v. Majestic Enters. Collision Repair, Inc.,* No. 4:10 CV 2287, 2011 WL 767890, at *2 (N.D. Ohio Feb. 28, 2011). Plaintiffs' affidavits and supporting documents show they have attempted to serve Chapiro at an address in Palo Alto, California but he does not reside there, and further attempts to ascertain his address will not be fruitful. Furthermore, even if service has not been made, Chapiro may yet be aware of this lawsuit via email communications. (*See* ECF Doc. 23-4). I therefore find they have exercised reasonable diligence to serve Chapiro, permitting service by publication as the last resort available under Ohio law.

C. **Plaintiffs may seek to serve Chapiro by publication, to the extent that they wish to assert claims against the hardware located in Ohio.**

As discussed both here in this decision and elsewhere in this case, I have presented concerns with whether this Court will have personal jurisdiction over Chapiro once he is served with the summons and the complaint. Plaintiffs have yet to present documentation showing that

Chapiro has ever been present in Ohio, or otherwise subjected himself to its laws sufficiently for this Court to have personal jurisdiction over him. Should Plaintiffs seek service by publication, Ohio Revised Code Section 2703.14(I) limits jurisdiction only in rem or quasi in rem actions involving personal property in this state. It does not extend to other actions. *See id.* Therefore, unless Chapiro appears and waives personal jurisdiction, this Court will not have jurisdiction over him with respect to the remaining claims. Furthermore, this permission for service by publication also does not reach whether this case is properly brought in Ohio, or consider the choice of law provisions in the various agreements between the parties.

That said, should the parties wish to proceed with service by publication, they may do so by following the provisions in Ohio Civil Rule 4.4(A)(1), namely:

> the clerk shall cause service of notice to be made by publication in a newspaper of general circulation in the county in which the complaint is filed. If no newspaper is published in that county, then publication shall be in a newspaper published in an adjoining county. The publication shall contain the name and address of the court, the case number, the name of the first party on each side, and the name and last known address, if any, of the person or persons whose residence is unknown. The publication also shall contain a summary statement of the object of the complaint and demand for relief, and shall notify the person to be served that he or she is required to answer within twenty-eight days after the publication.

Furthermore, it states that "the publication shall be published at least once a week for six successive weeks unless publication for a lesser number of weeks is specifically provided by law. Service shall be complete at the date of the last publication."

To provide additional time for preparation and publication, Plaintiffs may have eight weeks from the date of this order, until June 26, 2026, to complete the publication requirements and effect proper service.

**III.     Conclusion**

Plaintiffs' motion for alternative service (ECF Doc. 23) is permitted to the limited extent explained in this decision. Plaintiffs have until June 26, 2026 to complete publication and perfect service, or else risk a recommendation of dismissal without prejudice.


Dated: May 1, 2026

REUBEN J. SHEPERD
UNITED STATES MAGISTRATE JUDGE

14