**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NATHAN RAPPORT, *et al.*, | ) | CASE NO. 1:25-cv-2071 |
| | ) | |
| Plaintiffs, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL CHAPIRO, | ) | **OPINION AND ORDER ADOPTING IN** |
| | ) | **PART MAGISTRATE'S ORDER (ECF** |
| Defendant. | ) | **NO. 29)** |
| | ) | |

Before the Court are Plaintiffs Nathan Rapport and Raidan Industries, Inc.'s Objections to Magistrate Judge's Order of May 1, 2026 ("Objections") (ECF No. 30). For the following reasons, the Court **SUSTAINS IN PART** Plaintiffs' Objections.

Parties may object to an order issued by a magistrate judge regarding non-dispositive matters, and a district judge must consider timely objections. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). A district court may reconsider a magistrate judge's determinations *only* "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

On May 1, 2026, Magistrate Judge Reuben Sheperd issued an order that granted Plaintiffs' motion for alternative service (ECF No. 23) and set the deadline for Plaintiffs to complete publication and perfect service as June 26, 2026 ("Order"). (ECF No. 24). The Order granted alternative service via publication after finding, in part, that: (i) certain claims in this case fall under the purview of Ohio Rev. Code § 2703.14(I) because they involve personal property located in Ohio that Plaintiffs seek to exclude from Defendant Michael Chapiro; and (ii) Plaintiffs

1

exercised reasonable diligence in attempting to locate Defendant.  (*Id.* at PageID #1126–28).

Plaintiffs do not object to these findings.

The Order also found that Plaintiffs' intellectual property claims and claims regarding the

control of Radian Industries, Inc., do not fall under the purview of § 2703.14(I) and therefore

service via publication was not available with respect to those claims.  (*Id.* at PageID #1121–26).

Finally, the Order found that § 2703.14(I) does not provide the Court with personal jurisdiction

over Defendant, Plaintiffs had not sufficiently demonstrated that the Court would have personal

jurisdiction over Defendant, and "unless [Defendant] appears and waives personal jurisdiction,

this Court will not have jurisdiction over him with respect to the remaining claims." (*Id.* at PageID

#1123, 1125, 1128–29).  Plaintiffs object to these particular findings.

In relevant part, Plaintiffs argue that Magistrate Judge Sheperd erred because there is no

legal basis to limit service by publication to less than all claims in an action; once the requirements

of § 2703.14(I) were deemed satisfied, service by publication was authorized for the entire action.

(ECF No. 30, PageID #1132–35).  Plaintiffs then argue that there is sufficient evidence to support

the exercise of personal jurisdiction over Defendant.  (*Id.* at PageID #1135–36).  Lastly, Plaintiffs

argue that Magistrate Judge erred by improperly resolving the issues of IP ownership, contract

validity, corporate authority, and personal jurisdiction at this state of the proceeding.  (*Id.* at

PageID #1136–44).

To the extent that the Order purports to limit the extent of service by publication to less

than all claims and makes any determinations as to personal jurisdiction over Defendant, the Court

**SUSTAINS** Plaintiffs' objections.  In its March 30, 2026 Opinion and Order, the Court remanded

Plaintiffs' renewed motion for alternative service (ECF No. 23) to Magistrate Judge Sheperd to

determine in the first instance: (i) whether Ohio Rev. Code § 2703.14(I) applies; (ii) whether

2

Plaintiffs exercised reasonable diligence in trying to locate Defendant; and (iii) if the first two questions are answered in the affirmative, whether Plaintiffs are ultimately entitled to effectuate service by publication." (ECF No. 26, PageID #1098–99). Under Ohio Rev. Code § 2703.14, service may be made by publication:

> (I) In an action that relates to or the subject of which is real or personal property in this state, when the defendant has or claims a lien on the property or an actual or contingent interest in the property or the relief demanded consists wholly or partly in excluding him from any interest in the property, and the defendant is not a resident of this state or is a foreign corporation or his place of residence cannot be ascertained; . . .

Ohio Rev. Code § 2703.14(I). The Order found that Plaintiffs were asserting claims that fell under the purview of § 2703.14(I), Plaintiffs had exercised reasonable diligence in trying to locate Defendant, and Plaintiff were authorized to seek service via publication. (ECF No. 29, PageID #1126–29).

The Court is unaware of, and could not find, any caselaw or authority for the proposition that a method for service of process, which is authorized under the Federal Rules and/or an applicable state statute, is limited only to specific claims within the action and not the entire action itself. Based on the Order's findings, the requirements of Ohio Rev. Code § 2703.14(I) are satisfied because this action "relates to or the subject of which is real or personal property in this state", the relief demanded by Plaintiffs "consists wholly or partly in excluding [Defendant] from any interest in the property, and Plaintiffs exercised reasonable diligence under Ohio Civil Rule 4.4(A)(1). The Court therefore finds that service of process by publication is authorized for this entire action, not just specific claims.

While the Court finds that service of process by publication is not circumscribed to specific claims, the Court does not find that Defendant receiving service in this manner conclusively establishes personal jurisdiction over Defendant, resolves any potential issues with venue, or

3

precludes Defendant from subsequently raising issues as to proper service.  The Court finds that neither Ohio Rev. Code § 2703.14(I), nor any Ohio statute authorizing service of process, standing alone, serves as a basis for personal jurisdiction over a defendant.  The Court should not raise the issue of personal jurisdiction at this stage of the proceeding.  First, personal jurisdiction is a defendant's personal privilege and an affirmative defense.  *See Tobien v. Nationwide Gen. Ins. Co.*, 133 F.4th 613, 619 (6th Cir. 2025).  As an affirmative defense, a defendant must raise a challenge to personal jurisdiction in the first responsive pleading or the defense is deemed waive.  *See Taubman Co. v. Webfeats*, 319 F.3d 770 (6th Cir. 2003); *see also Parchman v. SLM Corp.*, 896 F.3d 728, 734 (6th Cir. 2018) (providing that a defendant may also waive a personal jurisdiction defense through certain conduct that gives a plaintiff a "reasonable expectation" that a defendant "will defend the suit on the merits or must cause the court to go to some effort that would be wasted if personal jurisdiction is later found lacking").  Thus, the Court should not sua sponte make determinations regarding personal jurisdiction.

Second, the Sixth Circuit has explained that service of process and personal jurisdiction are distinct and separate issues, stating:

> The two defenses, though related, involve distinct concepts.  *See Omni Capital Int'l*, 484 U.S. at 104 ("Service of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." (quotation marks omitted)); *see also* Fed. R. Civ. P. 12(b) (listing the defenses separately); 5B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1353, at 338 (3d ed. 2004) ("Although the questions of personal jurisdiction and service of process  are closely interrelated, service of process is merely the means by which a federal court gives notice to the defendant and asserts jurisdiction over him; the actual existence of personal jurisdiction should be challenged by a Rule 12(b)(2) motion").  That is why raising a challenge to one will not automatically raise (or preserve) a challenge to the other. *See Santos*, 902 F.2d at 1095.

*King v. Taylor*, 694 F.3d 650, 658–59 (6th Cir. 2012). As such, whether the Court ultimately has personal jurisdiction over Defendant is irrelevant as to whether a specific statute (in this case, Ohio Rev. Code § 2703.14) provides sufficient notice to Defendant under the Due Process clause.

Finally, service of process does not confer or equate with personal jurisdiction. *See Pittock v. Otis Elevator Co.*, 8 F.3d 325, 329 (6th Cir. 1993) (providing that the Sixth Circuit, Supreme Court, and Ohio Supreme Court have all held that proper service of process does not eliminate the requirement of sufficient minimum contacts to establish personal jurisdiction); *Provencher v. Bimbo Foods Bakeries Distrib. LLC*, No. 24-3112-cv, 2026 LX 205755, at *19 (2d Cir. May 4, 2026) (explaining that "service of process does not by itself confer personal jurisdiction over a defendant" and it is both a procedure and prerequisite for a court to assert jurisdiction over a served party). Essentially, proper service of process does not establish personal jurisdiction, but it is a requirement for a court to properly exercise personal jurisdiction over a party. *See O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003) (quoting *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1081 (6th Cir. 1990)); *see also King*, 694 F.3d at 655 ("[W]ithout proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant."); *Noco Co., Inc. v. Zhejiang Quingyou Elec. Com. Co.*, 338 F.R.D. 100, 103 (N.D. Ohio 2021) ("[S]ervice of a summons and complaint must meet constitutional due process and the requirements of the federal rules in order for jurisdiction to exist over a defendant."). Thus, Defendant being served by publication will not confer or establish personal jurisdiction.

Based on the above analysis, the Court finds that any determinations regarding personal jurisdiction over Defendant are premature and unnecessary for purposes of granting Plaintiffs leave to effectuate service of process by publication. Other than finding that there are no

restrictions on the authorization for service of process by publication and that any personal jurisdiction determinations are premature, the Court declines to make any other findings, determinations, or conclusions concerning issues of personal jurisdiction, venue, IP ownership, or the merits of any claims at this time.  The Court further notes that this Order does not bar Defendant from raising any affirmative defenses based on lack of personal jurisdiction, improper venue, insufficient process, or insufficient service of process under Fed. R. Civ. P. 12(b)(2)–(5).

For the foregoing reasons, the Court **ADOPTS AND AFFIRMS IN PART** the Order, to the extent that it: (i) finds Ohio Rev. Code § 2703.14(I) applies; (ii) finds Plaintiffs exercised reasonable diligence under Ohio Civil Rule 4.4(A)(1); and (iii) grants the motion for alternative service (ECF No. 23) and authorizes service by publication by June 26, 2026.  Otherwise, the Court **SUSTAINS** Plaintiffs' Objections to the extent that the Court **VACATES** the portions of the Order that limit the scope of service by publication to specific claims, make any dispositive determinations as to personal jurisdiction, or otherwise set forth any merits determinations.  The Court notes that Plaintiffs must still effectuate service by publication by the June 26, 2026 deadline.[1]

**IT IS SO ORDERED.**

Date: June 5, 2026

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**

---

[1] Plaintiffs state that they have "already commenced publication through the Daily Legal News, with the first installment published on May 13" and provided evidence of initial publication.  (ECF No. 30, PageID #1132; ECF No. 30-1).