**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Nathan Rapport, and<br>Radian Industries Inc.,<br><br>*Plaintiffs*,<br><br>v.<br><br>Michael Chapiro,<br><br>*Defendant.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:25-cv-02071-CEF<br><br>Judge Charles E. Fleming |

# EXHIBIT F7 TO PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT

Michael W. Vary, Ohio Reg. 33,789
Counsel for Plaintiffs
17710 Westview Drive
Bainbridge, Ohio 44023
vary.michael@gmail.com
216-496-3429

# APRIL 2025 RESTRUCTURING PROPOSALS

## Contents

I. Overview . . . 2
II. Priced Draft Non-Binding Letter of Intent . . . 2
III. OpenPGP-Signed Non-Binding Letter of Intent . . . 6
IV. OpenPGP Signature Verification . . . 8

## I. Overview

Exhibit F7 reproduces two documents from the parties' April 2025 restructuring negotiations. The first is a three-page priced draft Non-Binding Letter of Intent supplied by Defendant. It proposes a restructuring through a new commercialization entity, a 5% revenue share for gyro and accelerometry technology lasting twenty-five years above a revenue threshold, a ten-year Black Lattice loitering-munition exclusivity arrangement priced at $500,000, and a separate ten-year cruise-missile exclusivity option priced at $1 million or $2 million depending on the exercise date.

The second document is an ASCII-armored OpenPGP-signed Non-Binding Letter of Intent from the same restructuring sequence. It records the same principal commercialization structure, including the twenty-five-year 5% gyro-and-accelerometry revenue share and the same narrowly defined Black Lattice and cruise-missile fields, while leaving the field-specific exclusivity prices expressed as variables. The complete signed message and signature block are reproduced below.

## II. Priced Draft Non-Binding Letter of Intent

The following three pages reproduce the priced draft in full. Paragraph 9 prices a ten-year exclusivity arrangement for gyrocomp-enhanced directed-RF communications in a defined class of human-in-the-loop loitering munitions at $500,000. Paragraph 10 separately prices a ten-year exclusivity option limited to supersonic cruise missiles weighing no more than 1,000 pounds and operating at no more than Mach 2.5 at $1 million if exercised by December 31, 2026, or $2 million if exercised by December 31, 2027. Paragraph 2 proposes a 5% revenue share for gyro and accelerometry technology lasting twenty-five years above a $1 million annual-revenue threshold.

Non-Binding Letter of Intent

Whereas Nathan Rapport ("Nathan") and Michael Chapiro ("Michael") have differing views on how to best structure and manage different companies from a perspective of management control and financial investment;

Whereas Nathan and Michael are presently co-founders of the company Radian Industries Inc ("radian"), with a 51:49 split on shares in Nathan's favor;

Whereas the company owns and is developing technologies related to gyros (with accelerometers planned) for high performance IMU, ARU, and/or pointing applications;

Whereas these technologies will be patented, possibly with portions of the technology and underlying physics remaining trade secret;

Whereas Radian holds the license to Nathan's patent on vaccustat and had been intent on improving, validating in the physical world, and actualizing the technical concept;

Whereas there is a fundamental divide between the scientific R&D Radian is principally engaged in and the technology and engineering associated with developing commercial offerings predicated on R&D results;

Whereas Nathan is more focused on R&D and Michael is more focused on application development and commercialization;

Nathan and Michael hereby declare their intent to restructure the company and their future ongoing operations to optimize the long term outcomes and the stability of the organizations advancing these technologies with the following terms / end result anticipated:

1) Michael shall form a new company, Celestial Precision. Michael shall furnish all his shares in Radian Industries and X% of shares in Celestial Precision to Radian Industries in exchange for the assignment of all Radian IP to Celestial, as well as any derivative IP in the areas of gyros, accelerometers, or vacuustats.

2) Radian Industries shall operate as an R&D lab and receive a flat 5% revenue share from Celestial Precision for 25 years for gyro & accelerometry tech and 15 years for vacuustat tech. Radian shall assign its voting rights in Celestial to Michael. This revenue share shall only apply to revenues in excess of $1m per year.

3) Radian shall provide detailed information as to its R&D activities and results to Celestial Precision.

4) Technologies unrelated to gyros, accelerometers, vacuustats, or applications thereof, shall not be subject to this agreement unless they are explicitly appended.

5) Michael shall be able to spin-out companies from Celestial Precision to split operations as may be necessary for financial investment. In such an event, any and all spin-outs shall inherit the ownership structure of Celestial Precision. The principal need for such a spin-out is expected to be around commercializing vacuustats.

6) Celestial Precision will intend to ensure Radian has sufficient operating resources by providing loans to support initial operations.

7) Celestial Precision will focus on commercialization, with the objective of selling gyros, ARUs, and IMUs across aerospace, defense, and any other relevant industry. Celestial Precision, possibly through a spinout, shall also focus on commercialization of vacuustats across a wide range of applications, which may include telecom, ISR, power transfer, power generation, weapons launch, directed energy,

8) Michael will not be restricted from starting companies that may be customers of Celestial Precision. However, for all such companies, only purchases of standard products at standard pricing is permissible. To prevent conflicts of interest, any other transaction or arrangement between Celestial Precision and a company in which Michael has a major stake shall require approval from Radian Industries.

9) Whereas Michael intends to raise money for a loitering munitions startup under the name Black Lattice, Radian Industries shall authorize a 10 year exclusivity deal for gyrocomp-enhanced directed RF coms links (only for loitering munitions, defined as munitions where a human in the loop is able to maintain continuous video feed and decide whether a target is found, or whether to recall the munition) in exchange for $500k. This shall be further limited to systems with a maximum takeoff weight of 500 lbs. This deal shall include Celestial Precision providing this capability at no more than 3x COGS when purchased in quantities of at least 100.

10) Radian shall authorize an option for a 10-year exclusivity deal that is limited to supersonic cruise missiles with a maximum weight of no more than 1000 lbs, and a top speed of no more than Mach 2.5 (stay out of ramjet territory), which may be purchased for $1m if exercised by December 31st 2026, or $2m if exercised by December 31st 2027. This deal shall include Celestial Precision providing this capability at no more than 3x COGS when purchased in quantities of at least 10.

11) Celestial Precision must make a continuous and good faith effort to advance and commercialize all technologies from Radian.

# III. OpenPGP-Signed Non-Binding Letter of Intent

The following is the complete text of the ASCII-armored OpenPGP-signed message, reproduced directly from the source `.asc` file. The proposal provides for a 5% revenue share for gyro and accelerometry technology lasting twenty-five years above a $1 million annual-revenue threshold; identifies Black Lattice's contemplated loitering-munition exclusivity field; and identifies a separate ten-year cruise-missile exclusivity field. In this version, the field-specific prices remain expressed as $X and $X million / $2X million. The complete OpenPGP signature block is included with the message.

```
-----BEGIN PGP SIGNED MESSAGE-----
Hash: SHA512

Non-Binding Letter of Intent

Whereas Nathan Rapport ("Nathan") and Michael Chapiro ("Michael") have differing views on how to best
structure and manage different companies from a perspective of management control and financial
investment;

Whereas Nathan and Michael are presently co-founders of the company Radian Industries Inc ("radian"),
with a 51:49 split on shares in Nathan's favor;

Whereas the company owns and is developing technologies related to gyros (with accelerometers planned)
for high performance IMU, ARU, and/or pointing applications;

Whereas these technologies will be patented, possibly with portions of the technology and underlying
physics remaining trade secret;

Whereas Radian holds the license to Nathan's patent on vaccustat and had been intent on improving,
validating in the physical world, and actualizing the technical concept;

Whereas there is a fundamental divide between the scientific R&D Radian is principally engaged in and
the technology and engineering associated with developing commercial offerings predicated on R&D
results;

Whereas Nathan is more focused on R&D and Michael is more focused on application development and
commercialization;

Nathan and Michael hereby declare their intent to restructure the company and their future ongoing
operations to optimize the long term outcomes and the stability of the organizations advancing these
technologies with the following terms / end result anticipated:

1) Michael shall form a new company, Celestial Precision. Michael shall furnish all his shares in
Radian Industries and X% of shares in Celestial Precision to Radian Industries in exchange for the
licensing of all applicable Radian IP to Celestial, as well as any derivative IP in the areas of gyros,
accelerometers, or vacuustats.

2) Radian Industries shall operate as an R&D lab and receive a flat 5% revenue share from Celestial
Precision for 25 years for gyro & accelerometry tech and 15 years for vacuustat tech, payable to the
inventor, and shall establish a separate revenue-sharing or incentive agreement between Celestial
Precision and Radian Industries, reflecting the importance of sustaining Radian's ability to continue
R&D and to maintain long-term support of the licensed technologies. Terms to be defined in final
agreements. This revenue share shall only apply to revenues in excess of $1m per year.

3) Radian shall provide detailed relevant information as to its R&D activities and results to Celestial
Precision.
```

4) Technologies unrelated to gyros, accelerometers, vacuustats, or applications thereof, shall not be subject to this agreement unless they are explicitly appended.

5) Michael shall be able to spin-out companies from Celestial Precision to split operations as may be necessary for financial investment. In such an event, any and all spin-outs shall inherit the ownership structure of Celestial Precision. The principal need for such a spin-out is expected to be around commercializing vacuustats.

6) Celestial Precision will intend to ensure Radian has sufficient operating resources by providing loans to support initial operations.

7) Celestial Precision will focus on commercialization, with the objective of selling gyros, ARUs, and IMUs across aerospace, defense, and any other relevant industry. Celestial Precision, possibly through a spinout, shall also focus on commercialization of vacuustats across a wide range of applications, which may include telecom, ISR, power transfer, power generation, weapons launch, directed energy,

8) Michael will not be restricted from starting companies that may be customers of Celestial Precision. However, for all such companies, only purchases of standard products at standard pricing is permissible. To prevent conflicts of interest, any other transaction or arrangement between Celestial Precision and a company in which Michael has a major stake shall require approval from Radian Industries.

9) Whereas Michael intends to raise money for a loitering munitions startup under the name Black Lattice, Radian Industries shall authorize a 10 year exclusivity deal for gyrocomp-enhanced directed RF coms links (only for loitering munitions, defined as munitions where a human in the loop is able to maintain continuous video feed and decide whether a target is found, or whether to recall the munition) in exchange for $X. This shall be further limited to systems with a maximum takeoff weight of 500 lbs. This deal shall include Celestial Precision providing this capability at no more than 3x COGS when purchased in quantities of at least 100.

10) Radian shall authorize an option for a 10-year exclusivity deal that is limited to supersonic cruise missiles with a maximum weight of no more than 1000 lbs, and a top speed of no more than Mach 2.5 (stay out of ramjet territory), which may be purchased for $X million if exercised by December 31st 2026, or $2X million if exercised by December 31st 2027. This deal shall include Celestial Precision providing this capability at no more than 3x COGS when purchased in quantities of at least 10.

11) Celestial Precision must make a continuous and good faith effort to advance and commercialize all technologies from Radian.

This letter is non-binding and reflects the general intent of the parties. Final terms will be negotiated and documented in legally binding agreements.

-----BEGIN PGP SIGNATURE-----

iQGzBAEBCgAdFiEEd4Rwr5+myJApz5lkpi/rAK/JYqMFAmf8QloACgkQpi/rAK/J
YqNZlAv/QujVx/wpPFVlk++4/F0QnYRaFaQQ/II5KwHeMl0adQLBDsCrQfLV0OOd
nwECLz2dwhpzjyVEl9YxV4RiaYaG3/gFnHUZ6zsvcKRACLP+iDVZ4cdJuzzAITCx
gGPrEXdEYfitt5WYM1rtgWEQ2KLx+ee8oPdm+1l6xiXfsx6FLT2PUpN4vDviQSRE
k2xaCzK0s0MoxAXpafXV3BN8x08oaYxE3q+XzwqS+NJfoY3kNKyaLwqGAsdWS0En
rTJblOxP88kHN77bzJo0U8+5D+oVkwR3zTa4yl3lPKyLjiybo60ZWkZDpG3tYcEu
cJjzPQDL6MngwWmz+o90IvjpLvfYMuxUrQuLHxrscd9sjMOa0CUqEqHg3kN0swPa
uSDN/7ESVKCEzV9SFqWbBQA1428fFEriLAkDIqYXLBvDBLEWWHYq02ekVjHEe5b4
kbRHU8OLAcGbIdA7o9NRoUU4Gb/Yqn67X/tl8x6d6Ijoo6aBRs3NRIniYXGrb37k
s64IrIjr
=TtzG
-----END PGP SIGNATURE-----

# IV. OpenPGP Signature Verification

The OpenPGP signature on the preceding document was checked with GNU Privacy Guard (GnuPG) against the exact ASCII-armored `.asc` file reproduced above. GnuPG reported a "Good signature" together with `GOODSIG` and `VALIDSIG` status records for the same RSA signing-key fingerprint. The signature packet records a creation time of April 13, 2025 at 7:01:46 PM EDT. The SHA-256 digest below identifies the exact `.asc` file that was verified.

| | |
|---|---|
| **Verification result** | `Good signature`; `GOODSIG`; `VALIDSIG` |
| **Signature time** | April 13, 2025, 7:01:46 PM EDT |
| **Signing-key fingerprint** | `7784 70AF 9FA6 C890 29CF 9964 A62F EB00 AFC9 62A3` |
| **Signing-key UID** | `Nathan Rapport (Radian Industries signing key) <nathan@radianindustries.com>` |
| **SHA-256 of signed file** | `4ce77d451855f06d4fac4ec256ad7502cf76fd373ba72d3c37d35338315da0df` |

The `[ultimate]` notation in the GnuPG output reflects the local owner-trust setting assigned to the key in the verifying keyring; the cryptographic verification itself is reflected by the "Good signature," `GOODSIG`, and `VALIDSIG` results. The stated time is the creation time recorded in the OpenPGP signature packet. The full command output is reproduced below for reproducibility.

```
$ gpg --version | head -n 1
gpg (GnuPG) 2.2.40

$ TZ=America/New_York gpg --verify Non-Binding_Letter_of_Intent.txt.asc
gpg: Signature made Sun 13 Apr 2025 07:01:46 PM EDT
gpg:                using RSA key 778470AF9FA6C89029CF9964A62FEB00AFC962A3
gpg: Good signature from "Nathan Rapport (Radian Industries signing key)
<nathan@radianindustries.com>" [ultimate]

$ gpg --status-fd=1 --verify Non-Binding_Letter_of_Intent.txt.asc
[GNUPG:] GOODSIG A62FEB00AFC962A3 Nathan Rapport (Radian Industries signing key)
<nathan@radianindustries.com>
[GNUPG:] VALIDSIG 778470AF9FA6C89029CF9964A62FEB00AFC962A3 2025-04-13 1744585306 0 4 0 1 10 01
778470AF9FA6C89029CF9964A62FEB00AFC962A3

$ gpg --list-keys --with-fingerprint --with-subkey-fingerprint 778470AF9FA6C89029CF9964A62FEB00AFC962A3
pub   rsa3072 2025-04-06 [SC] [expires: 2030-04-05]
      7784 70AF 9FA6 C890 29CF  9964 A62F EB00 AFC9 62A3
uid           [ultimate] Nathan Rapport (Radian Industries signing key) <nathan@radianindustries.com>
sub   rsa3072 2025-04-06 [E] [expires: 2030-04-05]
      5AD9 560C 9DF9 F4DB 7D28  2F18 F9CC 95A1 139F 7EF5


$ sha256sum Non-Binding_Letter_of_Intent.txt.asc
4ce77d451855f06d4fac4ec256ad7502cf76fd373ba72d3c37d35338315da0df  Non-Binding_Letter_of_Intent.txt.asc
```

The corresponding Radian Industries OpenPGP public key identifies a creation time of April 6, 2025, one week before the April 13, 2025 signature. The same key fingerprint—7784 70AF 9FA6 C890 29CF 9964 A62F EB00 AFC9 62A3—is publicly retrievable from Ubuntu's OpenPGP keyserver[1] and matches both the fingerprint reported by GnuPG when verifying the April 13 document and the corporate signing-key fingerprint previously filed in Exhibit A1.

```
Type bits/keyID            cr. time   exp time   key expir
```

```
pub (4)rsa3072/778470af9fa6c89029cf9964a62feb00afc962a3 2025-04-06T04:08:43Z

uid Nathan Rappport (Radian Industries signing key) <nathan@radianindustries.com>
sig cert  a62feb00afc962a3 2025-04-06T04:08:43Z 2030-04-05T04:08:43Z ____________________ [selfsig]

sub (4)rsa3072/5ad9560c9df9f4db7d282f18f9cc95a1139f7ef5 2025-04-06T04:08:43Z
sig sbind  a62feb00afc962a3 2025-04-06T04:08:43Z ____________________ 2030-04-05T04:08:43Z []
```

Figure 1: Ubuntu OpenPGP keyserver entry for the Radian Industries signing key, showing creation of the public key on April 6, 2025 and the same fingerprint used to verify the April 13, 2025 signed LOI.

[1] https://keyserver.ubuntu.com/pks/lookup?search=7784+70AF+9FA6+C890+29CF+9964+A62F+EB00+AFC9+62A3&fingerprint=on&op=index